### Norman J. Colman v. George Post and others.

When a bill is filed to foreclose a mortgage conditioned for the payment of a certain sum of money, it is competent for the defense to show by parol evidence that the mortgage was given to indemnify sureties in a recognizance of bail, and that the liability of the sureties has been discharged without their being damnified.

Though such mortgage was conditioned for the payment of a negotiable promissory note, and both mortgage and note are assigned before due to secure the assignee for procuring bail, such assignee is a *bona fide* holder for the purpose only of the indemnity ; and when the sureties have been discharged without being damnified, neither he nor one who takes an assignment of the note and mortgage from him after they come due, is entitled to collect the amount thereof as bona fide holder.

*Heard May 30th. Decided July 21st.*

Appeal in Chancery from Kent Circuit.

*H. B. Brown* and *James Miller* for complainant.

*Withey & Gray* for defendants.

COLMAN *v.* POST.

MANNING J.:

The bill is to foreclose a mortgage executed by George Post and wife to Samuel Post, and assigned by Samuel Post, with another mortgage executed to him by Benedict Eldred, to Charles D. Colman, as security for Colman becoming bail for one William Post, or whoever he might get to become such bail. Colman procured Thomas M. Town to become bail, and assigned the mortgage to Town to indemnify him. The recognizance of bail, which was $500, was forfeited, but the recognizance and forfeiture were afterwards discharged on the payment of $250 by the defendant Christopher Post. Both mortgages were executed to Samuel Post to enable him to procure bail for William Post. And after the recognizance of bail was discharged, the two mortgages were assigned by Town, at the request of Charles D. Colman, to Norman J. Colman the complainant, who insists he is entitled to a decree of foreclosure on two grounds: First, that the parol evidence by which the foregoing facts are made to appear must be rejected, as it goes to contradict the face of the mortgage and assignments, which are absolute in terms. Second, that Town was a bona *fide holder of the promissory note secured by the mortgage, which note is payable to bearer, and was assigned to Town before it became due, by Charles D. Colman.

The consideration of a contract, as a general rule to which there are some exceptions on grounds of public policy, may always be inquired into. Neither law or equity, except in the cases just mentioned, will enforce a promise made without consideration, or where the consideration has wholly failed. There can be no doubt, if the present bill was filed by Samuel Post, that it would be competent for George Post to show by parol evidence that the mortgage was given to Samuel Post to indemnify him for becoming bail for William Post, and that he had not become such bail, or having become bail that he had been discharged of his

liability without being damnified. And if this would be the case as to him, it is so as to his assignee, or the assignee of such assignee, who takes the mortgage subject to all equities existing between the mortgagor and mortgagee.

But it is said the mortgage is for the payment of a promissory negotiable note, instead of a bond, and that the note and mortgage were assigned to Town before the note was due, who thereby became a bona fide holder of the note, and that complainant as Town's assignee is entitled to all of his rights. This is true. But for what purpose was Town a bona fide holder of the note? As indemnity for having become bail for William Post. The note and mortgage were assigned to him for that purpose, and for no other. Until Town became bail there was no consideration for the note, which, up to that time, was wholly inoperative as a promise that the law would enforce. And as Town was discharged of all liability as bail, he could not sustain an action on the note against George Post the maker, neither can complainant, his assignee, to whom the note and mortgage were assigned after the note had become due.

There is one other matter to be noticed before disposing of the case. Bail was required in the sum of $500. The Post mortgage, which the bill is filed to foreclose, is for $500, and the Eldred mortgage for $200. Charles D. Colman, who is a witness in the case for complainant, states that the two mortgages were assigned to him to secure him $200 for his services, as well as to indemnify bail. The evidence is conflicting on this point. But conceding all that is claimed for it, we are still of opinion that the $500 mortgage was intended to indemnify the bail, while the other might have been given for the services mentioned. Both mortgages were assigned to Town, and by Town to complainant, who, we are to suppose, still holds the $200 mortgage; and as the amount of that mortgage is all complainant would be entitled to in any circumstances,

COLMAN v. POST.

we think the decree dismissing the bill should be affirmed with costs.

MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. did not sit in this case.