LEAFY A. PROBASCO v. PIERCE G. COOK, ADM'R.

*Case made—A claim to be paid out of the dower interest falls upon the widow's estate upon her death.*

Questions to be raised on case made must be distinctly presented in the record.

A woman bought land for which she agreed to pay out of her dower interest in the estate of a former husband, and she placed the dower interest in trust in the hands of a friend to apply the proceeds of it upon the purchase. She died before full payment was made and before the dower interest was entirely consumed. *Held* that the sum remaining unpaid was a lawful claim against her estate.

Case made from Ionia. Submitted October 30. Decided November 21.

APPEAL from the award of Commissioners on the estate of Nancy Jane Simpson, allowing a claim against the estate for an unpaid balance due for lands bought by her of the claimant. The Circuit Court confirmed the award.

*Wells & Morse* for plaintiff.

*Mitchel & Pratt* for defendant.

GRAVES, J. Mrs. Probasco made a claim against Mrs. Simpson's estate for $663.69 and the commissioners allowed it at $669.12. Cook as administrator, appealed to the circuit court, and a trial there took place before the judge sitting without a jury, and he made a general finding in favor of the claimant for $684.70.

Some exceptions were taken to evidence and we are asked to review them upon a case made. No other question is presented. The parties appear to have gone to trial before the circuit judge upon some private notion of their own as to what was in contest, since nothing express appears to denote what was meant to be set up or alleged on one side or the other, except that the claimant said she claimed a given amount. No oral or written pleading in any form or of any description seems to have been made, and the nature of the dispute can be ascertained only from the testimony itself, including that to which all the objections relate. The estate might have insisted upon some kind of statement in the record, conveying an intelligible idea of the character of the claim, and in form sufficiently definite to afford a criterion for judging of the relevancy and propriety of testimony. This was not done and the whole contention was at sea, and it is now difficult to find any marks or buoys for retrospective revision. Because we must first see the evidence in order to find out the ground of controversy, and understand what question the parties were bringing evidence upon and to which their evidence ought to be confined. The circuit judge must have labored under a like perplexity unless relieved by oral explanations of counsel which do not appear in the record. If not assisted in that way he must have been compelled to rule on such offers of testimony as counsel saw fit to make without any guide concerning the matter of dispute, and without being informed except by the testimony offered, of the real difference the parties were struggling to try before him.

When parties tacitly agree to conduct a litigation blindfold, and to make no disclosure of their difference except by producing testimony as they choose, it can hardly be expected that a court of error will exhaust itself in endeavors to revise the points they make on the admission of testimony, or put any harsh construction on rulings admitting it. We shall not take trouble to

rehearse the details of the controversy. It is not necessary.

The substance of the matter would seem to be that Mrs. Simpson bought of 'Mrs. Probasco a parcel of real estate for $1600, and made arrangements for payment through a Mr. Friend, who was representative of the estate of her former husband, a Mr. Davis, out of her dower interest in the Davis estate; and which dower interest she at the same time placed in Friend's hands for that and other purposes. That up to her death the parties acted on this understanding, and Mr. Friend her trustee, who had no personal interest whatever, converted a considerable part of the dower interest into money and paid the same to Mrs. Probasco, who acknowledges the payment. That a portion of the original debt, and being the sum demanded in this cause, remains unsatisfied and is unquestionably a lawful claim against Mrs. Simpson's estate.

The papers and arrangements were made substantially at the same time and as parts of one transaction and they should be viewed together. They are not clear. Upon their face, however, they indicate that Friend took the dower interest from Mrs. Simpson in trust to apply the proceeds on the debt of Mrs. Probasco, and moreover suggest a call for extrinsic facts and explanations, and we discover in this record no fault in the rulings. *Catlin v. Birchard*, 13 Mich., 110; *Colman v. Post*, 10 Mich., 422; *Kimball v. Myers*, 21 id., 276; *Bowker v. Johnson*, 17 id., 42; *Vose v. Morton*, 5 Gray, 594; *Stoops v. Smith*, 100 Mass., 63; *Hubbard v. Gurney*, 64 N. Y., 457; *Hebbard v. Haughian*, 70 N. Y., 54; *Forbes v. Watt*, L. R. 2 Scotch & Div. App., 214; Wharton's Ev., §§ 1031, 1032 and notes. The circumstance that the fund Mrs. Simpson placed in the hands of her trustee to pay the debt had not been wholly consumed at her death, does not affect the liability of her estate for the debt. The remains of the fund still belong to her estate, and her representatives cannot compel Mrs. Probasco to look after them.

The order should be affirmed with costs, and the same should be certified to the court below and to the probate court.

.The other Justices concurred.