WILLIAM C. MISKIMEN

*v.*

JOHN W. CULBERTSON, Admr.

*Filed at Ottawa June 13, 1896.*

1. EXECUTORS AND ADMINISTRATORS—*construction of the statute as to probating of claims for purchase money.* Section 67 of the act on the administration of estates, (Rev. Stat. 1874, p. 116,) providing for the probating of claims not due, is to be considered in connection with section 111 of said act, (Rev. Stat. 1874, p. 124,) and the two must be construed together.

2. SAME—*claim for unpaid purchase money—when allowed in probate.* A claim by a vendor of land under contract for the unpaid purchase money cannot be proved up against the estate of the purchaser unless the estate is solvent, and the payment may be made without prejudice to the creditors, heirs and devisees of the estate.

3. SAME—*who may determine whether purchase money claim shall be allowed.* Whether payment of a claim against the estate of a decedent for unpaid purchase money of land can be made with advantage to the estate, is to be determined by the county court, and not by the administrator.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Peoria county. It appears from the record that on September 21, 1892, appellant entered into a contract with William Lewis for the sale of certain real estate for the consideration of $1250, $12.50 of which was to be paid in cash and the like sum on the 15th of each succeeding month until the full sum was paid, with six per cent interest thereon. The vendee made payments upon this contract amounting to $111.50, and then died, and afterward John Culbertson, the appellee, was appointed administrator of his estate. On February 23, 1894, appellant presented this

contract to the probate court of Peoria county, with an affidavit attached that there was due or unpaid thereon the sum of $1234.70, and asked its allowance. The claim was brought on for a hearing before the probate court, when an order was entered disallowing the claim, from which an appeal was taken to the circuit court. A jury was there waived and trial had before the court, whereupon an order was made by the circuit court disallowing the entire claim, from which an appeal was taken to the Appellate Court, where the judgment of the circuit court was affirmed.

ARTHUR KEITHLEY, for appellant:

This contract provides, in terms, that its provisions are obligatory upon the heirs, administrators, executors and assigns of the respective parties. It is therefore binding upon appellee, as such personal representative of the deceased vendee. *Smith* v. *Wilmington Coal Co.* 83 Ill. 498; *Jessup* v. *Jessup*, 102 id. 482.

If section 111 in any way stands in the way of the allowance of this claim it is unconstitutional. Const. 1870, sec. 14, art. 2.

Claimant showed that he was ready and willing to make a deed upon being paid the money. In the settlement of estates the probate court has full equity powers. *Moore* v. *Rogers*, 19 Ill. 347; *Moline Water Power Co.* v. *Webster*, 26 id. 233; *Hurd* v. *Slaten*, 43 id. 348; *Newlin* v. *Bailey*, 15 Ill. App. 199.

ISAAC M. HORNBACKER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The contract under which the premises were sold was executed by appellant and by William Lewis, the purchaser. It contained, among other provisions, the following: "It is mutually agreed by and between the parties hereto, that the time of payment shall be the essence of this contract, and that all the covenants and agreements

herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties." The appellant testified that he was ready and willing to make a deed to the property to the proper party, upon being paid the amount specified in the contract.

Under the seventh clause of section 70 of the act on administration of estates, (Rev. Stat. 1874, chap. 3, p. 116,) all debts against an estate are required to be exhibited to the county court for allowance within two years from the granting of letters of administration, and all demands not so exhibited shall be barred, unless assets of the estate, not inventoried, are discovered, out of which such demands may share in the settlement of the estate. Section 67 provides: "Any creditor whose debt or claim against the estate is not due may nevertheless present the same for allowance and settlement, and shall thereupon be considered as a creditor under this act, and shall receive a dividend of the said decedent's estate, after deducting a rebate of interest for what he shall receive on such debt, to be computed from the time of the allowance thereof to the time such debt would have become due according to the tenor and effect of the contract."

The question, and the only question, presented by the record is, whether the demand of appellant was of that nature or character which entitled him to have the claim probated against the estate of the deceased. If the right of appellant to probate his claim rested solely on section 67 of the statute, *supra*, and there was no other statute bearing on the question, we would have no hesitation in holding that he was entitled to have his claim allowed against the estate. That section of the statute declares that any creditor whose debt or claim against the estate is not due may present the same for allowance. William Lewis had executed a contract, in which he agreed to pay appellant a certain specified sum of money at certain specified dates. Appellant was therefore a creditor

of Lewis, and his debt not being due he came within the provision of the section of the statute. But there is another section of the statute bearing on this question,— section 111 of the same chapter,—and in passing on section 67, *supra*, it must be considered in connection with section 111, and the two must be construed together. The latter section is as follows:

"Sec. 111. In all cases where a decedent is seized of a legal or equitable title to real estate the payment whereof has not been completed, and the estate of such decedent is unable to make complete payment therefor with advantage to such estate, the administrator or executor may sell or dispose of such real estate upon the order of the county court, and the money arising from such sales shall be assets in the hands of such executor or administrator, as in other cases. But in all cases where the estate of any such decedent shall be solvent, and such lands, as aforesaid, may be paid for without prejudice to the creditors, heirs and devisees of the estate, the executor or administrator shall complete the payment for the same out of the proceeds of the personal property, in the name of the heirs or legal representatives of the decedent entitled thereto, and he shall be allowed a credit for the amount of such payments, and all reasonable expenses incurred in making the same, upon final settlement of such estate: *Provided,* that the provisions of this section shall in nowise interfere with the provisions of any last will or testament."

As has been seen, section 67 of the statute provides that any creditor whose debt is not due may present the same for allowance. But section 111 contains restrictions upon that right, which, in a case of this character, seem to prohibit the creditor from having his claim allowed. Where the decedent holds title to real estate under a contract or bond for a deed, and the payments have not been completed, and the estate is unable to make complete payment on the contract with advantage

to the estate, the administrator or executor is directed to sell the title held by the decedent, upon the order of the probate court. If a sale is made as directed by the statute, the estate will no longer occupy the position of a debtor to the vendor, but the purchaser of the interest of the decedent in the contract assumes that position, and in such a case it seems obvious that the legislature intended to exclude the vendor from probating his undue claim against the estate. Whether payment can be made with advantage to the estate is not a matter for the administrator to determine, but it is a matter for the probate court to settle and determine. That was no doubt done in this case when the probate court refused to allow the claim. If, however, under the last clause of the section, the probate court determines that the estate is solvent, and the land may be paid for without prejudice to the creditors, heirs and devisees, the claim may be allowed, and the administrator may complete the payment out of the assets of the estate in his hands for the payment of debts, in due course of administration.

When the two sections of the statute are considered, we think this is a fair and reasonable construction to be placed upon them,—a construction which will do no injustice to the vendor of land under a contract where the payments are not due, and at the same time afford protection to small estates. Where the vendor cannot have his claim allowed against the estate, he holds the land as security for his debt and is thus protected from loss, and at the same time a small estate, which might be consumed in paying for land purchased if the land claim should be allowed, will be preserved for the payment of ordinary debts and for distribution among the widow and heirs of the deceased.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part.