# Jones *v.* Hert, *et al.*

*Petition to Sell Land to Pay Debt.*

(Decided April 15, 1915.   68 South. 259.)

1. *Vendor and Purchaser; Sale Contract; Construction.*—Where
the contract for the sale of land provided that after a default in
any installment of the price, and a failure within three months
thereafter to pay all past due installments, all money paid to go
as rent, and the instrument to become null and void, the failure to
pay did not give vendee an option to abandon the contract and de-
feat her unconditional promise to pay the purchase money; such
provision was for the benefit of the vendor and operated only to
render the contract voidable at the election of the vendor on a de-
fault by the vendee.

2. *Same; Right to Terminate; Waiver.*—An acceptance by the
vendor, subsequent to the purchaser's default, of several payments
on the price, constituted a waiver of his contract right to termin-
ate the contract because of such default.

3. *Executors and Administrators; Claims Against Estate; Purchase Money.*—Purchase money due from a deceased purchaser on a valid contract of sale is such a debt of the decedent as his legal representative may rightfully pay.

4. *Same; Claim Not Due; Right to Prove.*—Under § 2601, Code 1907, a claim against an estate for the price of land purchased by the decedent may be proved, although not then due, where it will become due absolutely at some definite or fixed time in the future.

5. *Vendor and Purchaser; Rescission; Acceptance.*—Where the representative of the husband of the deceased purchaser requested the vendor to cancel the contract and take the lot back and return the money paid, and the vendor replied by saying that he would take the lot back, and no further payments need be made, and that the accrued rents could be retained, the reply was a counter proposal and not an acceptance of the proposition made.

APPEAL from Dallas Probate Court.

Heard before Hon. P. H. PITTS.

A petition by Roger ap C. Jones, as administrator of the estate of Roxie Hert, deceased, seeking to sell land to pay a debt, was contested by Henderson Hert, alias, etc., and others. From a decree dismissing the petition, petitioner appeals. Reversed, rendered, and remanded.

This appeal is prosecuted from a decree of the probate court of Dallas county denying and dismissing a petition filed by the appellant, as administrator of the estate of Roxie Hert, deceased, seeking a sale of a lot of land owned by and in possession of decedent, when she died, to pay a debt of decedent. The decree adjudged and found that the claim, for payment of which it was sought to sell the land, was not a charge against the estate, and for that reason petition was denied and dismissed. The claim was filed by the Mabry Securities Company under the following contract:

Received of Roxie Hert $25 as part payment on a lot in Selma, Alabama [here follows description of lot], which said Hert has agreed to purchase for $1,250, same to bear interest at the rate of 8%. Roxie Hert agrees to pro rate the taxes and insurance for the year

[Jones v. Hert, et al.]

1911, and to pay Mabry Securities Company her share of same during the continuance of this contract, and to have all buildings on said property insured, and failing therein, the securities company may do so in her place, and charge same against the contract. Said Roxie Hert is to pay the purchase price at the rate of $15 on the 19th day of each month, commencing in September, 1911, and if the same is not paid, for a period of three months next after default as aforesaid, all payments made at the time of the default shall go as rent of said premises up to that time. [Here follows same provisions as to payment of taxes and insurance.]

In consideration of full payment the securities company was to execute good and sufficient deed to said land. Upon the delivery of the contract, the securities company put Roxie Hert in possession of the lot described in the contract. All payments made by Roxie Hert left a balance of at least $900 due on said lot. The lot sought to be sold for the satisfaction of the claim was not the lot embraced in the contract, but was another lot owned by Roxie Hert at the time of her death.

PARTRIDGE & HOBBS, for appellant.

W. W. QUARLES, for appellee.

ANDERSON, C. J.—(1-3) The portion of the contract providing that after a default in the payment of any installment of the purchase price, and a failure, within three months thereafter, to pay up all past dues, all money paid was to go as rent, and the instrument was to become "null and void," was in no sense an option to the vendee to abandon the contract and defeat her unconditional promise to pay the purchase price

of the lot, but was intended for the purpose of giving
the vendor some remuneration for the land in case of
a default in the purchase-money installments. There-
fore, the obligation on the part of the vendee to pay
the purchase price of the lot being unconditional and
not optional, the words "null and void," as used in the
contract, meant that the sale should be voidable at the
election of the vendor in case of a default by the ven-
dee.—*Stewart v. Griffith,* 217 U. S. 323, 30 Sup. Ct.
528, 54 L. Ed. 782, 19 Ann. Cas. 639; *Wilcoxson v.
Stitt,* 65 Cal. 596, 4 Pac. 629, 52 Am. Rep. 310; *Nelson
v. Sanders,* 123 Ala. 615, 26 South. 518. This right of
the vendor to terminate the contract could be, and was,
waived by an acceptance of several payments upon the
purchase price as such, after the claimed default, and
which were made within a very short time previous to
the death of the said vendee. Purchase money due from
a deceased vendee upon a valid contract of sale is such
a debt of the decedent as the representative may right-
fully pay.—18 Cyc. 418; *Probasco v. Cook,* 39 Mich.
714.

"The presumption is that the party making a con-
tract intends to bind his executors and administrators,
unless the contract is of that nature which calls for
some personal quality of the testator, or the words of
the contract are such that it is plain no presumption
of the kind can be indulged in.—*Tremeere v. Morison,*
1 Bing. [N. C.] 89; *Reid v. Tenterden,* 4 Tyrwhitt, 111;
*Kernochan v. Murray,* 111 N. Y. 306 [18 N. E. 868, 2
L. R. A. 183, 7 Am. St. Rep. 744]. Where a party has
entered into a contract to purchase real estate, and dies
before it is conveyed to him and before he has paid for
it, his heir or devisee is entitled to have his executor
pay for the realty out of the personal estate.—*Broome
v. Monck,* 10 Ves. 596, 611, reargued 619; *Livingston*

*v. Newkirk*, 3 Johns. Ch. [N. Y.] 312; *Wright v. Holbrook*, 32 N. Y. 587; 1 Sugden on Pow. [8th Am. Ed.] 293a; 3 Red. on Wills [2d Ed.] 302, § 11. The executor is not permitted to violate the contract of his testator after the latter's death.—*Wentworth v. Cook*, 10 Ad. & El. 42; *Siboni v. Kirkman*, 1 M. & W. 419, remarks of Parke, B. In *Quick v. Ludburrow*, 3 Bulst. 30, Lord Coke said that if a man be bound to build a house for another before such a time, and he which is bound dies before the time, his executors are bound to perform this. To same effect, *Tilney v. Norris*, 1 Ld. Raym. 553, *Tremeene v. Morison*, and *Reid v. Tenterden, supra.*" *Chamberlain v. Dunlop*, 126 N. Y. 45, 26 N. E. 966, 22 Am. St. Rep. 807.

It has been held in some cases that where the contract of sale is executory, where the deceased did not receive the property, and the estate cannot complete the sale to an advantage, the purchase price will not be a charge against the estate; but these cases seem to be founded upon statutes providing against such a condition.—*Miskimen v. Culbertson*, 162 Ill. 236, 44 N. E. 396.

(4) The claim in question had not matured when this petition was filed, but the rule is, when such claims become absolutely due at some future time, there is usually a statutory provision to allow them to be proved.—18 Cyc. 418. We have such a statute.—Section 2601, Code of 1907.

(5) The result is the contract of sale was in full force and effect when the vendee died, and the amount due upon same was a valid charge against her estate, unless the contract was rescinded or terminated by mutual consent through the negotiations between Judge Craig, representing the husband of the deceased vendee, and Jones, acting for the Mabry Company. Wheth-

er or not this could have been accomplished unless Judge Craig had authority to bind the heirs as well as the husband of the deceased vendee, we need not decide, for the reason that the proof fails to establish a rescission or termination of said contract. There may be a conflict between the evidence of Judge Craig and that of Mr. Jones, as to all that was said by them; but according to the evidence of Craig alone, taken in connection with the letters in evidence, there was no absolute and unconditional agreement reached whereby the said contract was rescinded or terminated. Judge Craig said: "I came to ask if you wouldn't cancel this contract for that 38 feet of land, take the lot back, and pay him the money that he paid."

He said: "I will take the lot back, and you can tell him he needn't pay any more, and you can tell him that he can have the rents that have accrued since last October."

It must be noted that Jones, acting for the company, did not accept the proposition made by Judge Craig, but made a counter one, to the effect that he would not restore the money previously paid in, but would let Hence have the rent accrued since October. Judge Craig did not then and there accept this offer, but, in effect subsequently declined the same by writing Jones that the contract of sale was not binding upon the vendee, and demanding the return of all that had been paid on the lot.

As the right of the petitioner to sell the land was contested upon the sole ground that the claim of the Mabry Company was not a charge against the estate, and it was therefore unnecessary to sell the land for the payment of debts, we think that the probate court erred in disallowing said claim and in dismissing the appellant's petition; and the decree is reversed, and one is here

rendered, granting the relief sought, and the cause is remanded for further proceedings in the probate court.

Reversed, and rendered, and remanded.

McClellan, Sayre, and Gardner, JJ., concur.