## R. A. Gross, Appellant, v. Estate of Thomas H. Thornson, Appellee.

### Gen. No. 6,426.

1. EXECUTORS AND ADMINISTRATORS, § 209*—*when claim for part purchase price of land is properly disallowed.* Where a note was given by decedent as part payment for certain land under a contract of purchase and was filed before it became due as a claim against his estate, *held* that such claim was properly disallowed by the Probate Court, under section 111 of the Administration Act (J. & A. ¶ 160), providing that where a decedent is seized of a legal or equitable title to real estate, the payment whereof has not been completed and the estate is unable to make complete payment therefor with advantage to the estate, the real estate may be sold and the proceeds held as assets, where the court found the purchase could not be completed with advantage to the estate and without prejudice to the creditors and heirs.

2. PAYMENT, § 6*—*when note constitutes.* A promissory note, so long as it remains in the hands of the payee, is not treated as payment of the debt or claim unless it is so expressed or understood, but it may be given and accepted as payment and operate to create a new indebtedness based on the consideration of the old one.

3. PAYMENT, § 6*—*when note does not constitute.* Where a decedent died before the maturity of a note given by him under a contract for the purchase of certain real estate as part payment of the purchase price, and the note was filed as a claim against his estate, *held* that the court did not err in not treating the note as a payment made at the time it was given and in treating it as only evidencing a payment for land yet to be made.

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 23, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

BROWNE & WILEY and MCDOUGALL & CHAPMAN, for appellant.

A. A. CLAPSADDLE and H. M. KELLY, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

September 8, 1913, Thomas H. Thornson, then a resident of La Salle county, but since deceased, entered into a written contract with R. A. Gross, the appellant, to purchase 160 acres of land in McHenry county, Illinois, and pay $31,980 therefor. Three hundred dollars were paid in cash, $4,800 by conveyance from Thornson to Gross of 160 acres of land in Texas, and Thornson gave his promissory note due March 30, 1914, for $2,000. These three sums, aggregating $7,100, were termed earnest money payments. There were provisions for payment of the balance at different future times and for execution of a deed by Gross similar to those commonly found in such contracts.

Thornson died intestate December 23, 1913. Letters of administration issued, and it developed that without taking into account this transaction he had a gross estate of $23,252.38, which was reduced by the payment of claims and expenses to a net estate of $15,132.63. Gross filed said $2,000 note as a claim against the estate February 20, 1914. The probate judge found that the note was part of a contract for the purchase of real estate only partly paid for; that complete payment could not be made with advantage to the estate and could not be made without prejudice to the creditors and heirs of the estate; and ordered that the administrator should not complete the payment of the purchase money out of the proceeds of personal property of the estate, and disallowed the claim. Gross appealed to the Circuit Court. On a jury trial the evidence showed the facts as before stated. The court refused evidence offered by the defendant tending to

show that the land was at the time of the trial of much less market value than that expressed in the contract, and other evidence that Gross had executed conveyances of his interest in the land to other parties; and directed a verdict for the defendant on which judgment was entered, from which this appeal is prosecuted.

Thornson would have been liable on the note had he lived, and a suit might have been successfully prosecuted by its payee after its maturity. The claim was filed before that date, but if treated simply as a promissory note that was warranted under statutory provisions for presentation of claims not due.

The decision of the Probate Court as shown by its finding was based on the construction of section 111 of our Administration Act (J. & A. ¶ 160, Hurd's Rev. St. p. 29) in *Miskimen v. Culbertson*, 162 Ill. 236, which seems to be to the effect that a vendor cannot in case of death of the vendee before full payment is made enforce the contract to pay for the land; that the statute injects an option to comply with its terms or not as may be advantageous for the estate of the deceased. The statute by its terms is not confined to equitable titles like the one here under consideration, but seems to apply equally to legal titles to real estate not fully paid for at the time of the death of the grantee. It reads as follows:

"In all cases where a decedent is seized of a legal or equitable title to real estate, the payment whereof has not been completed, and the estate of such decedent is unable to make complete payment therefor, with advantage to such estate, the administrator or executor may sell or dispose of such real estate upon the order of the county court, and the money arising from such sales shall be assets in the hands of such executor or administrator, as in other cases. But in all cases where the estate of any such decedent shall be solvent, and such lands as aforesaid may be paid for without prejudice to the creditors, heirs and devisees

of the estate, the executor or administrator shall complete the payment for the same out of the proceeds of the personal property, in the name of the heirs or legal representatives of the decedent entitled thereto; and he shall be allowed a credit for the amount of such payments, and all reasonable expenses incurred in making the same, upon final settlement of such estate; *Provided,* that the provisions of this section shall, in no wise, interfere with the provisions of any last will or testament."

It is the Act of 1845, which related to incomplete purchase of public lands rewritten and extended to all cases of incomplete purchase of lands. While constitutional questions cannot be raised and determined in this court, we might in the absence of controlling authority consider whether the statute should receive a construction that would raise a question of the power of the Legislature to interfere with that right of contract which is a necessary incident of the right of property. The Appellate Court of the First District in 1881 (Justices McAllister, Bailey and Wilson), speaking through Mr. Justice Wilson, in *Vail v. Drexel,* 9 Ill. App. 439, said on page 451: "It [the statute] gives no new remedy to the vendor of land, and by no proper construction can it be held to take away any he had before its passage." But later the Supreme Court in *Miskimen v. Culbertson, supra,* in passing upon a claim arising under a contract like the one in question here, affirmed a judgment disallowing the claim on the ground that the statute prohibited the vendor from having his claim allowed if the estate is unable to make complete payment on the contract to its advantage, and said on page 240 whether the payment can be so made is a matter for the Probate Court to determine, and that such construction of the statute "will do no injustice to the vendor where the payments are not due, and at the same time afford protection to small estates"; that the vendor holds the land

and is thus protected from loss.  This reasoning must rest on the assumption that the vendor will always exact sufficient payment in advance to protect him in what gain he may have secured by an advantageous bargain, or from loss that he might sustain by depreciation in market values.  It is an innovation on the principles governing the right to contract and the obligation of a party to perform his agreements that has no parallel in any reported case that counsel have cited or that we are able to find.  The two cases above mentioned seem to be the only Illinois authorities on the question; therefore we think the Probate Court did not err in its construction of the statute, and hold that the Circuit Court did not err so far as that statute governs in the judgment appealed from.

As before stated, the note here in question was given as part payment of the purchase price.  Appellant contends that as to that note the land was to that extent paid for.  It is familiar law that a promissory note so long as it remains in the hands of the payee is not treated as payment of a debt or claim unless it is so expressed or understood, but that it may be given and accepted as payment and operate to create a new indebtedness based on the consideration of the old one. There is much force in the contention that this note should be so treated, thereby removing all question of the construction of section 111 of the Administration Act (J. & A. ¶ 160).  If the note had been assigned before due, we suppose it should have been allowed in favor of the assignee; but it remained unassigned, the property of appellant.  We are inclined to the opinion that Thomas H. Thornson, had he lived, could not have compelled a conveyance of the land by Gross without paying that note, and that for the purposes of this suit the note must be held as evidencing a payment for land yet to be made at the time of Thornson's death; therefore the court did not err in not treating it as a pay-

ment made at the time it was given.   Finding no error in the record the judgment must be affirmed.

A certificate of importance and appeal will be granted, if desired.

*Affirmed.*