(83 South. 60)

DAVIS v. FOLMAR. (4 Div. 823.)

(Supreme Court of Alabama. June 19, 1919. Rehearing Denied Oct. 23, 1919.)

1. SPECIFIC PERFORMANCE ⊙⇒119—PLAINTIFF MUST PROVE WAIVER OF FORFEITURE OF LAND SALE CONTRACT.

Where a land sale contract of its own terms and force worked a forfeiture of the same on default in the payment of notes without affirmative action on the part of the vendor, such forfeiture could be waived, and the burden of showing waiver rested upon the complainant purchaser suing for specific performance.

2. VENDOR AND PURCHASER ⊙⇒95(2)—WAIVER OF PAYMENT OF INSTALLMENT NOT WAIVER OF SUBSEQUENT PAYMENTS.

A waiver of forfeiture of a land sale contract for nonpayment of a note due for a specific year or for previous years would not operate as a waiver of forfeitures for a subsequent year or years.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Bill by S. O. Davis against W. B. Folmar for the specific performance of a contract for the sale of real estate. Decree for respondent, and complainant appeals. Affirmed.

The contract was for the sale of 80 acres of land, the first contract being dated December 15, 1915, with one note payable October 1, 1916, in the sum of $1,728. The third paragraph of the bill alleges a modification of the contract, in that after complainant went into possession about the middle of January, 1915, it was agreed and understood between the parties that, if complainant would make repairs and improvements on said land and put the same in a state of cultivation, he should have as long a time as might be necessary for him to pay for the same, provided he kept up the interest payment, and that on several occasions during the year 1916, and also during the year 1917, Folmar assured the complainant that he would be satisfied with interest payments alone so long as he kept up and continued to improve the place. It is then alleged in detail that improvements amounting to $300 were made by complainant at his own expense and with his own labor prior to October 1, 1916, and that on that date or soon thereafter he payed respondent $128, that being the interest due to that time, and respondent said that it was entirely satisfactory for him to pay the interest, and that respondent would gladly carry the principal over; that with this understanding complainant continued to make valuable improvements amounting to more than $250; and that a short while before October 1, 1917, respondent told complainant that it would be satisfactory if he paid the interest, but that when complainant in January, 1918, offered to pay and tendered to respondent the amount due as the balance of the purchase price with interest on the land, respondent then and there refused to accept the same and demanded of orator the sum of $2,100 as a condition to make him a good and sufficient deed.

The contract contained the following stipulations:

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 201 Ala. 337.      [2] Ante, p. 193.

But in case the said second party shall fail to make the payments aforesaid, or any of them punctually and upon the strict terms and at the times above limited and likewise to perform and complete all and each of the agreements and stipulations aforesaid, strictly and literally without any failure or default, time being of the essence of this contract, then this contract shall from date of such failure, be null and void, and all rights and interests hereby created or then existing, in favor of the second part, heirs or assigns, or derived under this contract, shall utterly cease and determine, and the premises hereby contracted shall revert to and revest in the said first party, its successors or assigns (without any declaration of forfeiture or act of re-entry, or without any other act by said first party to be performed, and without any right in said second party, of reclamation or compensation, for moneys paid or improvements made) as absolutely, fully and perfectly as if this contract had never been made.

And it is hereby further covenanted and agreed by and between the parties hereto, that immediately upon the failure to pay any of the notes above described, all previous payments shall be forfeited to the party of the first part, and the relation of landlord and tenant shall arise between the parties hereto, for one year, from January 1st immediately preceding the date of default, and the said party of the second part shall pay rent at the rate of $128.00 for occupying the premises from the said January 1st to the time of default, such rent to be due and collectable immediately upon such default.

There was evidence tending to show that a contract similar to the above was entered into between the parties in January, 1917, but that contract is not set out. The evidence on the part of the complainant tended to show that the annual payments made by him were for interest on the principal sum, while that for the respondent tended to show that these payments were for rent of the land.

Key Murphree testified that he was cashier of the Trot Bank & Trust Company; that he loaned Davis money to pay up his account with Folmar; and that the only thing said was that he asked Frank Folmar if he had any claim against Davis' crop, and that Frank said, "No," they had a land trade, and that if Davis did not make his payment he was to pay an amount equal to 8 per cent. as rent for that year.

A. G. Seay, of Troy, for appellant.

W. L. & R. H. Parks, of Troy, for appellee.

ANDERSON, C. J. We agree with the trial court that the contract dated January 11, 1917, was executed as of the day it bears date, and was not a mere duplicate or copy of the contract of 1915 with a subsequent unauthorized change in the date. Moreover, the opinion of the trial court discloses a

203 ALA.—22

personal examination of the original paper, and the absence of any signs indicating a change of same as to date, and which said original is not before this court, therefore giving the trial court an advantage in determining this question.

[1] The contract in question is practically the same in form as the one considered and construed in the case of Nelson v. Sanders, 123 Ala. 615, 26 South. 518. It was there held that the contract of its own terms and force worked a forfeiture of same as one of purchase upon default in the payment of the notes, and required no affirmative action upon the part of the vendor declaring the same forfeited, and which is in this respect unlike the contract considered in the case of Zirkle v. Ball, 171 Ala. 571, 54 South. 1000. Indeed, counsel for appellant concedes that if the contract of January 11, 1917, is in force between the parties, the complainant is not entitled to relief unless there was a waiver of the forfeiture. That such a forfeiture could have been waived there can be no doubt; but as to whether or not it was waived is extremely doubtful, and the burden of showing same being upon the complainant the trial court found, and we think properly so, that he did not meet the burden. The respondent's proof shows that the receipt given for the year 1917 was "for rent," while the complainant contends that it was not for rent but was for interest, and he could easily have settled the question by producing the receipt. The testimony of Key Murphree is not necessarily in conflict with the respondent's theory and is reconcilable with the testimony of his witnesses as to the payment of rent.

[2] While we have treated this case upon the same theory as did the trial court and as argued by counsel, we might concede the contention of appellant as to the new contract of 1917, as it would not necessarily change the result; for, if respondent waived the forfeiture for the year 1916 or any previous years, that did not operate as a waiver for all time, and the forfeiture clause would be effectual as to succeeding defaults, and, if a default was made for the year 1917 and the respondent did not waive same and stood upon his rights under the contract by receiving the rent and treating it as such, the forfeiture as for that year was not waived although it may have been waived on previous annual payments. Nelson v. Sanders, supra.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.