(136 So. 734)

### MAY v. ROBINSON.

4 Div. 536.

Supreme Court of Alabama.

June 18, 1931.

Rehearing Denied Oct. 15, 1931.

See, also, 221 Ala. 570, 130 So. 81.

A. R. Powell, of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, for appellee.

BROWN, J.

On the former appeal it was held that, if the delivery of the notes and mortgage in the first instance was without the assent of the maker, their delivery had been ratified as expressive of the contract between the parties, and complainant, who succeeded to the rights of the mortgagor, was not in position to dispute the delivery or repudiate the notes and mortgage as representing the true indebtedness between the parties. May v. Robinson, 221 Ala. 570, 130 So. 81.

■ If this holding was sound, and it is not now questioned by the appellant, there was no basis for a bona fide dispute between the parties as to the amount of the indebtedness, and, in the absence of such dispute or the giving of a receipt or release in writing by the creditor, the payment or tender of less than the sum in fact due does not constitute accord and satisfaction. Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662; J. H. Arnold & Co. v. Gibson, 216 Ala. 314; 113 So. 25; Craft v. Standard Accident Ins. Co., 220 Ala. 6, 123 So. 271; Hodges v. Tennessee Implement Co., 123 Ala. 572, 26 So. 490.

■■ In the light of the foregoing principles, the evidence on file and now in the record is not sufficient to sustain the last amendment to the bill setting up accord and satisfaction as an additional ground for relief. This was one of the grounds of the motion to strike the amendment, and, in the absence of an application for continuance to give the complainant an opportunity to take further testimony, the court will not be put in error for granting the motion and striking the amendment.

While the statute provides that "amendments to bills in equity may be filed as a matter of right at any time before final decree, by striking out, or adding new parties, *or to meet any state of evidence which will authorize relief;* and amendments to answers may be filed as of right at any time before final decree, so as to set up any matter of defense; and if an amendment be filed at the hearing, to bill or answer, *the opposite party shall be entitled to a continuance as a matter of right* if the amendment requires the taking of additional testimony, and in this event, both parties shall have the right to take additional testimony without a special application," etc. Code of 1923, § 6558. (Italics supplied.) It does not entitle the party making the amendment to a continuance as a matter of right, or require that the court grant such continuance to the opposite party ex mero motu.

The decree of the circuit court appears free from reversible error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.