142 So. 508

**GEORGE E. WOOD LUMBER CO. v. MOR-RIS et al.**

**4 Div. 604.**

Supreme Court of Alabama.

May 19, 1932.

Rehearing Denied June 23, 1932.

E. C. Boswell, of Geneva, and Carter & Pierce, of Mariana, Fla., for appellees.

**FOSTER, J.**

A vendor of real estate may maintain a bill for specific performance against his purchaser. Melton v. Stuart, 213 Ala. 574, 105 So. 659; Fuller v. Totten, 222 Ala. 174, 131 So. 435; Eaton v. Sadler, 215 Ala. 161, 110 So. 10. And the fact that the land is

J. N. Daniel, of Chipley, Fla., and T. E. Buntin, of Dothan, for appellant.

situated in another state is not an objection to such relief if the parties are within the jurisdiction of the court. Hume v. Kirkwood, 216 Ala. 534, 113 So. 613; Hall v. Milligan, 221 Ala. 233, 128 So. 438, 69 A. L. R. 618.

Complainant and respondents entered into a contract by which the former agreed to sell, and the latter agreed to buy, land in Florida, and to pay the purchase price in certain installments stated in the contract. By it the respondents agreed to pay the taxes and assessments, in default of which complainant could do so, and thereby respondents became indebted to complainant in the amount so paid. But it is also provided that, if the purchasers shall make default in respect to the covenants and agreements, which shall continue sixty days, this contract shall become, and is thereby made, a lease between the parties.

The purchasers are alleged in the bill to have made such default, and which continued sixty days. The court sustained a demurrer to the bill, because the facts alleged show that the contract became a lease, and that complainant could not have its performance as a contract of sale. The correctness of such interpretation of the contract is the only question argued by counsel on this appeal.

In the case of Nelson v. Sanders, 123 Ala. 615, 26 So. 518, and Davis v. Folmar, 203 Ala. 336, 83 So. 60, the court was dealing with contracts similar to this in that respect. In both cases it was held that such default changed the status of the parties, ipso facto, and required no affirmative action on the part of the vendor. But in both those cases the vendor was claiming the benefit of the changed relation, whereas in this case the purchaser is making such claim. In the former case it was said that whether an option given to the purchaser to elect whether he will pay the purchase money in installments and continue as a purchaser or that he will by his own choice become a tenant was not asserted and was not treated.

In Collins v. Whigham, 58 Ala. 438, there was a somewhat similar contract considered. The seller executed her bond to make good the title in said land to the purchaser upon his paying the annual installments. The purchaser executed several promissory notes for the annual purchase-money installments, and on the back of each he wrote an agreement that, if the note is not paid as purchase money, the purchaser is only to pay a stipulated rent. He did not execute a contract to purchase the land. His obligation was evidenced by the notes only. The court held that the notes and bond for title should be construed as an option to the maker of the notes either to become a purchaser of the land by paying the annual installments or to

become a tenant and pay rent, but that such option on his part must be exercised at the time of the maturity of the first installment. And that, if he failed to make the election at that time, the seller could elect to treat him as a purchaser to pay the purchase price or as a tenant liable only for the rent; and that the election once made was irrevocable.

The nature of the contract under consideration does not show such right of election to be exercised by the purchaser. There was here a formal and unconditional contract to buy and to pay for the land. If a default to fulfill his obligation is construed to produce a rescission of his purchase for his benefit and against the will of the vendor, it would allow him to take advantage of his fault without any advantage to the vendor.

Construing such a contract, this court held in Jones v. Hert, 192 Ala. 111, 68 So. 259, in line with current authority, that such provision in a contract of sale is in no sense an option to the purchaser to abandon the contract and defeat his unconditional promise to purchase and pay for the property, and such clause only meant to reserve in the vendor the right to avoid the sale at his election upon such default by the purchaser. Stewart v. Griffith, 217 U. S. 323, 30 S. Ct. 528, 54 L. Ed. 782, 19 Ann. Cas. 639; 39 Cyc. 1361 (b) note 79. For an analogous discussion, see Eaton v. Sadler, supra.

We think that the contract set out in the bill in this case is within the authority of the cases cited supra, and that the bill is not subject to demurrer on the ground we have discussed, and the decree to that effect is therefore reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.