146 So. 611

## PENNEY v. BURNS.

### 8 Div. 393.

Supreme Court of Alabama.

March 9, 1933.

Eyster & Eyster and Tennis Tidwell, all of Decatur, for appellant.

A. J. Harris and Julian Harris, both of Decatur, for appellee.

FOSTER, Justice.

It is conceded that appellant is correct in the assertion of the legal principles which he invokes to predicate a reversal. They are: Since there was no written contract of accord and satisfaction, it cannot be sustained unless it is supported by a "new consideration." Section 5643, Code; Davis v. Anderson, 218 Ala. 557, 119 So. 670; Cotton States Life Ins. Co. v. Crozier, 218 Ala. 173, 118 So. 327; May v. Robinson, 223 Ala. 442, 136 So. 734; Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662; Reliance Life Ins. Co. v. Garth, 192 Ala. 91, 68 So. 871.

That consideration exists when "something substantial which one party is not bound by law to do has been done by him, or that something he has the right to do he abstains from doing at the request of the other party." 1 Corpus Juris 544, § 47, note 12, or when there is a compromise and settlement of a disputed or unliquidated claim. Authorities supra; Wilson v. Monette, 224 Ala. 106, 139 So. 264; So. Car. Cotton Growers' Co-op. Ass'n v. Weil, 220 Ala. 568 (14), 126 So. 637; Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25; Hand Lbr. Co. v. Hall, 147 Ala. 561, 41 So. 78.

But it is also true that the "surrender by a tenant of an unexpired lease" is such a new consideration. 1 Corpus Juris 551, § 70, note 1, and so is an agreement effecting "mutual releases of the respective obligations that each of two parties owes to the other, each release being the consideration for the other, are both supported by sufficient consideration." 53 Corpus Juris 1206, § 20; McCarty-Greene Motor Company v. House, 216 Ala. 666, 114 So. 60.

Appellant claims that the tenant did not surrender an unexpired period of his lease, nor anything else which he was legally entitled to; that his surrender of the premises was no more than a recognition of his duty to do so by reason of his default which justified appellant as the lessor to forfeit the right of appellee as lessee for the unexpired period of the lease. In respect to the legal status of such contention, we do not take issue. But we think that the evidence in no aspect supports the claim that the principle is applicable.

The lease was for the years 1929, 1930, and 1931. The amount of the stipulated rent was payable on October 15th of each year, and was represented by separate notes. The rent for 1929 was paid. In 1930 a drouth of unusual duration so cut down the crop yield that the lessee was unable to pay the rent. He had rented the land for ten years, and presumably had paid the rent except for that year, and the evidence shows he was a successful and efficient farmer. But he had a year of adversity, which he could not prevent. Under the terms of the lease such default conferred upon the lessor the right to terminate the lease and retake possession of the property. But at no time did he seek to claim the benefit of such option. On the other hand, he insists that he was anxious for the lessee to con-

tinue in possession of the land and cultivate it for another year, and never at any time sought to exercise his right to forfeit the lease. But he frequently interviewed the lessee, with a view of his remaining on the place. This status continued until March 7, 1931. The lessee was sick in bed. There is here a dispute as to the facts. The lessor claims that the lessee merely wished to be relieved of the lease for that year, and suggested another tenant, and that the lessor consented to relieve him and accept the other tenant. Whereupon the lessee executed a stipulation agreeing to surrender the place forthwith.

The lessee contends that it was the desire of the lessor to retake the land and lease it to the other tenant who could furnish his own supplies, whereas the first lessee could not. And that at the suggestion of the lessor, he executed the instrument upon the agreement by the lessor to cancel the claim for rent unpaid for 1930. There was a sharp conflict here, which the jury decided for the lessee. We are not concerned with this finding. The question is whether at that time, March 7, 1931, the lessee had such a claim under his lease for that year as that its surrender was a consideration for the contract which the jury found was made.

▉ The right to cancel the lease due to the default of the lessee existed only for the benefit of the lessor. George E. Wood Lumber Co. v. Morris, 225 Ala. 281, 142 So. 508; Jones v. Hert, 192 Ala. 111, 68 So. 259.

▉ The lessee continued bound therefore, and was subject to the will of the lessor in that respect. We think the rule is correctly stated to be that: "Provisions for forfeiture may be waived by the person entitled to enforce them, either expressly or by implication, and the courts as a rule are quick to take advantage of circumstances indicating such an intention, although a waiver cannot be inferred from mere silence. * * * A waiver once made cannot be recalled. Hence after a party has acquiesced in a breach of the contract, he cannot thereafter urge a forfeiture because of such breach." 13 Corpus Juris, 609, § 645; Shaddix v. Bilbro, 220 Ala. 657, 127 So. 227; George E. Wood Lumber Co. v. Morris, 225 Ala. 281, 142 So. 508; Davis v. Folmar, 203 Ala. 336, 83 So. 60; Nelson v. Sanders, 123 Ala. 615, 26 So. 518; Sov. Camp, W. O. W. v. Jones, 11 Ala. App. 433, 66 So. 834; Jones v. Hert, 192 Ala. 111, 68 So. 259.

▉▉ It may be that by March 7, 1931, time is far spent to begin farming operations. That January 1st of each year is the appropriate time to begin a rental contract for farm land in Alabama is well known and inferable from the evidence. Default had occurred October 15th, previously. The lessee had no option, but if the lessor intended to declare and enforce a forfeiture by such default he should not wait until the delay would be materially prejudicial to the lessee for him to exercise the right. Whether he could have done so on March 7th, might have been the basis of a material and well-founded dispute by the lessee had it been asserted. And that it was not asserted may have originated from a consciousness by the lessor that the right did not then exist. It had not been declared, and the lessee was still unquestionably bound by the lease. This he relinquished, on March 7, 1931, and his agreement in that respect is, we think, a consideration for the contract by the lessor, whatever that contract was.

We cannot therefore sustain the contention of appellant that there was no such consideration, and that the contract was void on that account.

In respect to the performance of the agreement, the evidence justifies the finding that though the lessee did not move out of the dwelling until March 21st, he remained there by permission of the new tenant, who immediately after the agreement of March 7th, took charge of the farm and began his operations as tenant. So we cannot sustain the claim of appellant in that respect.

The assignments of error chiefly insisted upon are controlled by what we have said. We do not think the others are well taken, but need no discussion.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.