**NORTH AMERICAN BIOLOGICALS INC., Seattle Plasma Corp., Plaintiffs–Appellants,**

v.

**ILLINOIS EMPLOYERS INSURANCE OF WAUSAU, Defendant–Appellee.**

No. 90–5207.

United States Court of Appeals, Eleventh Circuit.

May 20, 1991.

Lowell L. Garrett and Morris C. Brown, Miami, Fla., for plaintiffs-appellants.

William M. Douberley, Miami, Fla., for defendant-appellee.

Before TJOFLAT, Chief Judge, CLARK, Circuit Judge, and KAUFMAN *, Senior District Judge.

FRANK A. KAUFMAN, Senior District Judge:

North American Biologicals Inc. and its wholly owned subsidiary, Seattle Plasma Corp., appellants (plaintiffs in the federal district court below), produce blood plasma. In July, 1986, appellants, among others, were named as defendants in a suit instituted in the Superior Court of King Coun-

---

\* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting  by designation.

ty, Washington (Superior Court) by one John Doe, a hemophiliac, who contended that he had become infected with AIDS after receiving transfusion of products of defendants containing AIDS antibodies. In that state court case, John Doe, claiming to represent a purported class of more than one hundred persons, alleged, *inter alia*, negligence, breach of warranty and strict liability. As the named insureds under a casualty insurance policy issued by Illinois Employers Insurance of Wausau (Wausau), appellants assert in this federal case that they are entitled to be reimbursed for legal fees billed to them by their Seattle, Washington and Miami, Florida lawyers in the respective amounts of $159,359.37 and $113,934.63, totaling $273,294.00. The reasonableness of those fees is not contested by Wausau.

Under the Wausau policy, there is provision for a deductible of $5,000 per claim in connection with the coverage provided to appellants to indemnify them for legal fees incurred in defending court actions. In that regard, the policy provides, *inter alia*, that "[t]he deductible amount stated shall ... apply towards investigation, adjustment and legal expenses incurred in the handling and investigation *of each claim*, whether or not payment is made to claimant, compromised settlement is reached or claim is denied." (Emphasis added).

In the Washington state court case, John Doe alleged that he was a single male and a resident of King County, Washington, and that "[i]t is believed and therefore alleged that many members of the plaintiff class are, and at all times material hereto were, residents of King County." Before the end of the twelve-month period following the institution of the Washington state court case, the Superior Court denied the application of John Doe for class action certification. The record before us does not disclose the reason for such denial. Nor does the record before us indicate in any way whether at any time either or both of the within appellants, or any other defendant named in the Washington state court action, was ever notified by any person similarly situated to the said John Doe of any claim similar to the claim asserted

by John Doe. On August 12, 1987, the Superior Court dismissed with prejudice both of appellants herein as defendants in the action instituted by John Doe, "without costs and/or attorneys fees to any party." The record before us does not disclose the reasons for, or any other information about, that dismissal.

Following the refusal of Wausau to pay to appellants the attorneys' fees incurred by them in the Washington state court action, appellants instituted the within case against Wausau in the United States District Court for the Southern District of Florida. After a nonjury trial in that Court, in which there were few, if any, disputed questions of fact, the District Court concluded that Wausau was entitled to consider each of the purported claims of the more than one hundred persons characterized by John Doe as separate claims, that each of those one hundred proposed claims would be treated as separate claims for purposes of the $5,000 deductible amount, that the total amount of such deductibles exceeded the claims of appellants for reimbursement of their attorneys' fees, and that Wausau was entitled to judgment. In so determining, the District Court also concluded that Wausau's claim with regard to the applicability of the $5,000 deduction was not a denial of coverage under Fla. Stat. § 627.426(2) (1982), and that, accordingly, Wausau had the right to assert, as a substantive defense, its interpretation of the $5,000 deductible provision of the insurance coverage. Because the District Court adopted Wausau's view in that latter regard, it entered judgment in favor of Wausau from which appellants appeal to this Court.

## I.

In this appeal, appellants complain of the District Court's exclusion, from evidence at trial, of a letter dated May 23, 1988 from Wausau to appellants, of the refusal of the District Court to apply Fla.Stat. § 627.426(2) to preclude Wausau from asserting Wausau's deductibility defense, and of the District Court's holding with regard to the meaning of the deductible provision.

Because we agree with appellants concerning the meaning and application of the deductible provision of the insurance policy, we reverse and remand this case to the District Court with directions to enter judgment in favor of appellants. In so doing, we find it unnecessary to determine whether, pursuant to Fla.Stat. § 627.426(2),[1] Wausau should have been precluded by the District Court from asserting its deductibility position.

## II.

■ The issue pertaining to the May 23, 1988 letter revolves around certain correspondence between Wausau and appellants. After John Doe instituted the state court proceeding, appellants notified Wausau of the existence of that law suit. Wausau acknowledged receipt of such notice in a letter in which it referred to the "per claim" deductible and raised the issue of how that deductible would apply in a law suit in which class certification had been sought. Subsequently, on May 12, 1988, appellants demanded payment of their total attorneys' fees and expenses in the Washington state case. In response, Wausau offered to pay one-tenth of the total of those legal fees and to "consider the class action as being one claim, which means the above-captioned suit would only be subject to a one-time deductible of $5,000." Appellants did not accept that offer and thereafter instituted this case in the court below.

During the trial in the District Court, appellants offered into evidence the May 23, 1988 letter. The District Court determined that that letter was not admissible into evidence. That ruling would appear correct pursuant to Fed.R.Evid. 408 since the letter, considered in its totality, constitutes, in our view, an offer of settlement and is not relevant or material in terms of establishing the meaning of the per claim deductible provision of the insurance coverage. In addition, in any event, even if the May 23, 1988 letter should have been admitted into evidence at trial and is taken into account in this appeal, it in no way affects this Court's view of the clear meaning of the deductibility provision of the policy in issue.

## III.

■ The fact that John Doe asserted the existence of any claim against appellants other than his own claim in no way establishes that there was in fact more than one claim. The fact that a plaintiff such as John Doe seeks class certification does not mean that such a plaintiff has proved that there exists any claim other than his own. "During the period between the filing and certification, a class action is supported solely by the pleadings, which may or may not have a foundation in fact compatible with the requirements of rule 23(a) and (b)." *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1304 n. 13 (4th Cir.1978), quoting Comment, *Continuation and Representation of Class Actions Following Dismissal of the Class Representative*, 1974 Duke L.J. 573, 596.

This is not a case such as *Kent Insurance Co. v. Capital Maintenance, Inc.*, 433 So.2d 1295 (Fla.Dist.Ct.App.1983), or *Burlington County Abstract Co. v. QMA Associates, Inc.*, 167 N.J.Super. 398, 400 A.2d 1211 (1979), in which there was more than one finite claim by one or more third persons against an insured in connection with which the insured subsequently sought reimbursement. Rather, in this case, there is only one finite claim by one John Doe.[2]

---

1. That statute requires an insurer to give to an insured, within a specific time period, a particular form of notice that the insurer intends to deny coverage of the policy.

2. In *Previews, Inc. v. California Union Ins. Co.*, 640 F.2d 1026 (9th Cir.1981), the Ninth Circuit, dealing with a deductibility clause which did not embody the same language as in the policy at issue here, held that the insurance company was entitled to only one deductible. However, in that case, the Ninth Circuit considered itself bound by an earlier determination by a California state court that the language of the deductibility clause at issue in the *Previews* case was ambiguous and should, therefore, be construed in favor of the insured. While the result of *Previews* comports with the result called for by the within opinion of this Court, the Ninth Circuit did not deal with the language of the deductible provision in issue in this case and was

## IV.

The judgment below is REVERSED and this case is REMANDED to the District Court with instructions to enter judgment for appellants in the amount of $273,294.00.

not required to reach the question for decision herein. However, nothing in the reasoning of the Ninth Circuit is in any way at odds with this Court's within determination that appellants are entitled to reimbursement of the attorneys' fees incurred by them in defending John Doe's suit.