In re Brad BONDURANT and Teresa
Bondurant, Debtors.

Bankruptcy No. 94–02542–RCF–13.

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Jan. 24, 1995.

Greg Biddle, Birmingham, AL, for debtors.

Judy Holt, Birmingham, AL, for movant.

David P. Rogers, Jr., Trustee.

## *ORDER DISALLOWING EVIDENCE OF SETTLEMENT NEGOTIATIONS*

BENJAMIN COHEN, Bankruptcy Judge.

This matter is before the Court on an evidentiary question associated with a *Motion to Establish Fixed Payment on Secured Claim* filed by Copelco Capital. The motion was filed on October 3, 1994, and on October 12, 1994, Mr. David Rogers, the Chapter 13 Trustee recommended an adequate protection payment of $140.00 per month. On October 13, 1994, the Court granted the motion and set the payment to Copelco at $140.00 per month. The Court set November 2, 1994, as the deadline for objecting to the payment allowance. The Debtors objected on November 2, 1994, contending that Copelco was a lessor and not a secured creditor and thus not entitled to such payments. The Debtors also objected to the $5,865.08 claim filed by Copelco and contend that the proper amount of the claim is $300.00. The $300.00 amount is the subject of the evidentiary question before the Court.

### I. Issue

The issue is whether settlement talks, which the Debtors contend resulted in a binding contract between Copelco and the Debtors, will be admissible at the trial of the motion for fixed payment. If the talks are admissible, the Debtors will use them to attempt to prove that Copelco compromised its claim from $5,865.08 to $300.00.

The Court asked the parties to address the evidentiary question in writing and at oral arguments. Both parties timely filed excellent memorandums of law. Oral arguments were held on January 10, 1995. Ms. Judith Holt represented Copelco. Mr. Gregory Biddle represented the Debtors.

## II. Facts

The Debtors "lease" a copying machine from Copelco which is the subject of the filed claim. The Debtors contend that after Copelco filed its motion for a fixed payment, that Mr. Bondurant received a telephone call from Josephine Torterella, a representative of Copelco of whom Mr. Bondurant asked if the matter might be settled. The Debtors further contend that during a subsequent telephone call, Ms. Torterella offered to settle the matter for a $300.00 payment by the Debtors and that at that time Mr. Bondurant accepted the offer when advised that he would receive a bill of sale for the copier if he paid the $300.00. Copelco contends that it did not agree "to settle the entire matter" for $300.00.

## III. Contentions

The Debtors maintain that the offer by Copelco and the acceptance of that offer by the Debtors created a binding contract which the Debtors should be allowed to prove to this Court by way of the settlement talks. Copelco contends that, even if the talks resulted in a contract, that they were none the less settlement talks and are not admissible pursuant to Fed.R.Evid. 408. And even if the talks are admissible, Copelco contends that there was no offer and acceptance creating a contract.

## IV. Discussion

This Court finds that the talks were in the nature of settlement talks and that the evidence generated by those talks is not admissible pursuant to Fed.R.Evid. 408. The test in this circuit to determine whether statements fall within Rule 408 is "whether the statements or conduct were intended to be part of the negotiations toward compromise." *Blu–J, Inc. v. Kemper C.P.A. Group,* 916 F.2d 637, 642 (11th Cir.1990) (quoting *In Ramada Dev. Co. v. Rauch,* 644 F.2d 1097, 1106 (5th Cir.1981) (quoting 2 J. Weinstein & M. Berger, Weinstein's Evidence § 408[03],

at 408–20 to 408–21 (1980))). *See also, North American Biologicals, Inc. v. Illinois Employers Insurance of Wausau,* 931 F.2d 839 (11th Cir.1991) (opinion amended on rehearing, 938 F.2d 1265 (11th Cir.1991)); *Lampliter Dinner Theater v. Liberty Mutual Ins. Co.,* 792 F.2d 1036 (11th Cir.1986). There is no dispute here, and both parties agree, that whatever was said by the parties in the telephone conversations was a settlement talk to facilitate a compromise of controversy created by Copelco's claim.

The plain language of Fed.R.Evid. 408 excludes, "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount ..." from admission "to prove liability for or invalidity of the claim or its amount." Fed.R.Evid. 408. This has been interpreted by the Honorable Barry Russell, author of the *Bankruptcy Evidence Manual* to establish that, "neither an offer to compromise, acceptance of such offer, *nor an actual completed compromise of a disputed claim* is admissible to prove liability or invalidity of the claim or amount." Russell, *Bankruptcy Evidence Manual,* § 408.1 (emphasis added).

The Debtors argue that if the settlement talks resulted in a binding contract as they contend, then Rule 408 does not apply and they should be able not only to rely on, but also prove, that contract. Notwithstanding Rule 408, oral agreements to settle legal matters, unlike other oral agreements, are, at least in the state of Alabama, unenforceable unless accompanied by consideration. Section 8–1–23, Code of Alabama 1975, provides, "An obligation is extinguished by a release therefrom given to the debtor by a creditor upon a new consideration or in writing with or without new consideration." About this section the Supreme Court of Alabama wrote, "The cases have consistently held that new consideration to support an oral release exists only when it is shown that 'something substantial which one party is not bound by law to do has been done by him, or that something he has the right to do he

abstains from doing at the request of the other party.'" *Deason v. Thrash,* 465 So.2d 1118, 1120 (Ala.1985) (quoting *Penney v. Burns,* 226 Ala. 273, 146 So. 611, 612 (1933)). There is no question in the instant case that the agreement here, if there is one, was oral. Neither was there any new consideration nor a writing, such as a bill of sale, which would support a release. The parties did not complete the transaction.

### V. Conclusion

In conformity with the above, this Court finds that the talks between Mr. Bondurant and Copelco were conduct intended to be part of negotiations toward compromise, and hence settlement negotiations inadmissible under Fed.R.Evid. 408 to prove the amount of Copelco's claim.

It is therefore **ORDERED** that any evidence associated with the settlement talks is inadmissible for the purpose of proving liability for or invalidity of Copelco's claim or the amount of Copelco's claim.