153 So. 862

**ALABAMA BY–PRODUCTS CORPORATION v. KENNEDY.**

**6 Div. 527.**

Supreme Court of Alabama.

March 29, 1934.

Cabaniss & Johnston, of Birmingham, for appellant.

Hiram Dodd, of Birmingham, W. T. Starnes, of Pell City, and John W. Inzer, Jr., of Ashville, for appellee.

BOULDIN, Justice.

Appellee sued appellant on common counts for work and labor done.

Plaintiff was employed as a motorman in operating the mines of defendant. His employment began May 1, 1930, and ended in April, 1932.

The action is based on a claim for overtime running through the period of his employment.

Plaintiff's evidence, supported by several witnesses, was to the effect that he did work overtime, that is to say, over nine hours per day, on hourly wage; that the section foreman reported this overtime, and the mine foreman approved such report.

By the rules of the company, a special card for overtime was required, else it would not be allowed in making up the biweekly pay rolls. Plaintiff's evidence is to the effect that such overtime cards were made out from time to time, but, on reaching the superintendent, they were frequently disallowed on the ground that the quota on which the mine was operating was being exceeded, and the pay roll was made up at the office excluding such overtime; that plaintiff complained from time to time, and was assured his overtime would be covered in later pay rolls when the quota was not exceeded, and in all events it would be adjusted and paid.

It further appears that about May 1, 1931, midway plaintiff's term of service, the men were put on a flat wage per day, or shift. Whether the shift was nine or twelve hours is in conflict. Further evidence tended to show that, where men were worked long hours beyond the shift, it was agreed a fractional shift should be allowed.

Defendant's evidence is in the nature of a denial of the claim in toto, tends to support the pay roll from time to time as correct, and disclaims complaints and promises of further payments for overtime.

The trial court, who saw and heard the witnesses, was well sustained in his finding in keeping with plaintiff's version, and that something was due plaintiff (whether the amount awarded is not so certain), unless such claim has been released in writing as per Code, §§ 5643, 7669.

Without dispute, the plaintiff received the full amounts shown on the roll from time to time, and executed his several receipts, reciting "in settlement of roll for period ending (date inserted)."

Upon the termination of the service, an instrument of different form and tenor was duly executed by the plaintiff and witnessed, reading:

"Mine Majestic          Date Apr 15-1932
"Check No. ———          Pay No. 48

"Received of the Alabama By-Products Corporation $ .80 which is accepted and acknowledged by me to be in full and final settlement for all work and labor done during period ending 4/15/32, all moneys theretofore due me having been fully paid to and received by me.
    "[Signed]          Robert Kennedy
                          "Employee.
"Witness
    "Jerome Crow."

There is no claim that this instrument was procured by fraud. Indeed, nothing appears in the evidence indicating the plaintiff did not know its contents or have any intention other than expressed in its plain and unambiguous words.

The contention is that it is no more than a receipt in law, such as may be contradicted by parol evidence showing there were other sums due and unpaid for work and labor.

We need not again review our decisions construing the sections of our Code giving full effect to receipts and releases in writing. There is a distinction between an ordinary receipt and a release, but a release may be given, and usually is given, in connection with a

412

receipt for a sum in final settlement of demands expressly defined therein.

It is not necessary that the sum actually paid be a portion of a disputed demand, as a consideration for an accord and satisfaction, not evidenced by writing. Code, § 5643.

We cannot construe the document before us as other than a release under our statutes. It is contractual in character, not a mere acknowledgment of so much paid. It expressly declares a final settlement is thereby made covering all the moneys then due, reciting as part of the agreement that all moneys theretofore due had been paid, thus calling attention to former transactions, and including them in this final settlement and satisfaction.

In the absence of fraud in its procurement, or other vitiating cause available at law, the release must be given effect according to its plain terms. Code § 5643; Miles v. Barrett, 223 Ala. 293, 134 So. 661; Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662; Penney v. Burns, 226 Ala. 273, 146 So. 611; Murphy v. Black & Laird, 148 Ala. 675, 41 So. 877; Davis v. Anderson, 218 Ala. 557, 119 So. 670; Gravlee v. Lamkin, 120 Ala. 210, 24 So. 756; Wright v. McCord, 205 Ala. 122, 88 So. 150; Barbour v. Poncelor, 203 Ala. 386, 83 So. 130; Stegall v. Wright, 143 Ala. 204, 38 So. 844; Singleton, Hunt & Co. v. Thomas, 73 Ala. 205; Cleere v. Cleere, 82 Ala. 581, 3 So. 107, 60 Am. Rep. 750.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.