171 So. 382

**CARNS v. COMMONWEALTH LIFE INS. CO.**

**6 Div. 2.**

Supreme Court of Alabama.
Dec. 17, 1936.

Trawick & Clark, of Birmingham, for appellee.

ANDERSON, Chief Justice.

This is an action upon a series of negotiable promissory notes by the payee of same against the maker. There was jury and verdict for the defendant, and upon motion of plaintiff a new trial was granted and this appeal is by the defendant from the judgment granting the motion for a new trial.

Counsel for the appellant argue many points to show that there were no errors committed upon the trial and that there was therefore error in setting aside the judgment in favor of the defendant. While counsel for the appellee, with commendable candor, state in brief, "It will be observed from the record in the case that there is only one question in the case, namely, was there a renunciation or release by the plaintiff so as to relieve the defendant of the obligation to pay the notes in question except out of the renewal commissions earned by him under his agency contract with the plaintiff."

The letter written the defendant by the plaintiff's vice president and actuary of March the 16th, 1933, looking to a continuation of the relationship, contains this expression, "Prevailing conditions have made it imperative that we curtail in a measure our advance account. We are not going to ask you to pay off the advances already made. We will credit renewal commissions against these." The notes were for the advances made and referred to in the letter.

We think this letter indicates a release or renunciation of any obligation on the part of the defendant to pay the notes except through credits by renewal commissions.

Counsel contend that plaintiff was entitled to affirmative instructions that

Taylor & Higgins, of Birmingham, for appellant.

there was no release or renunciation under the terms of section 9142 of the Code of 1923. It is sufficient to suggest that this provision does not apply to this case, which involves the original parties, that is, the maker and the payee. Morrow v. Shuff, 219 Ala. 395, 122 So. 635; Stone v. Goldberg & Lewis, 6 Ala.App. 249, 60 So. 744; 8 C.J. 465. This case falls more properly under section 5643 of the Code of 1923, which says: "An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing with or without new consideration." Hence, the section relied upon by the appellee and the two New York cases [1] do not apply to this case.

 We think the quoted portion of the letter amounts to a release or renunciation of the claim against the defendant for the payment of the notes except by commissions to be earned, and that the trial court did not err in refusing the general charge requested by plaintiff, as the defendant, even if not entitled to the general charge, Bernheim v. Pessou, 143 La. 609, 79 So. 23, was, at least, entitled to have the question of the effect and intention of the letter submitted to the jury. Section 7669 of the Code of 1923.

The trial court therefore erred in granting the new trial, and the judgment of the circuit court is reversed and the original judgment for the defendant is reinstated.

Reversed and rendered.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

---

[1] Bank of United States v. Manheim, 264 N.Y. 45, 189 N.E. 776; Leask v. Dew, 102 App.Div. 529, 92 N.Y.S. 891.