16 So.2d 497

**GRAND LODGE KNIGHTS OF PYTHIAS
OF NORTH AMERICA, etc., v.
WILLIAMS et al.**

3 Div. 394.

Supreme Court of Alabama.

Jan. 20, 1944.

Hill, Hill, Whiting & Rives, of Montgomery, and Wm. B. McCollough, of Birmingham, for appellant.

Jack Crenshaw and Walter J. Knabe, both of Montgomery, for appellees.

FOSTER, Justice.

This appeal involves an application of sections 4, Title 9, and 381, 382, Title 7, Code of 1940, wherein there was a formal written release in full given by appellees, each separately, to appellant, on the receipt of a portion of a matured undisputed claim. The facts are agreed upon, and further that for the purposes of this suit "the matter at issue between the parties is whether or not * * * the said releases * * * extinguished their claim against" (appellant).

This matter is dependent upon the statutes cited above. Section 4, supra, is as follows: "An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing with or without new consideration."

Section 381, supra, is as follows: "All receipts, releases, and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto."

Section 4, supra, first made its appearance in the Code of 1923. Section 381, supra, is an old statute. It makes no reference to the consideration of the release or discharge. Section 382, supra, is also an old statute, but relates only to the composition of debts, and provides that no new consideration is necessary.

It is needless to cite authorities construing section 381, supra, as to requiring a new consideration, since section 4, supra, expressly provides that a new consideration is not necessary, when there is a release in writing. We have held many times that sections 1, 2 and 3, Title 9, supra, do not change the common law rule requiring a new consideration when the release is not in writing. It was noted in National Life & Accident Ins. Co. v. Karasek, 240 Ala. 660, 667, 200 So. 873, 879, that "in every case in which section 5643 of the Code (of 1923) (section 4, supra) has been referred to by the court, the plain language of that section has been accepted," citing the following cases: Davis v. Anderson, 218 Ala. 557, 119 So. 670; Penney v. Burns, 226 Ala. 273, 146 So. 611; Alabama By-Products Corp. v. Kennedy, 228 Ala. 410, 153 So. 862; Carns v. Commonwealth Life Ins. Co., 233 Ala. 215, 171 So. 382 (involving release for insurance notes); Biggers v. Ingersoll, 236 Ala. 646, 184 So. 478.

We have here a formal written release duly executed on a consideration which is but the payment of a part of a matured undisputed claim, and therefore is not a "new consideration."

It was held in Alabama By-Products Corp. v. Kennedy, 228 Ala. 410, 153 So. 862, that in the absence of fraud or other vitiating cause available at law, the release when in writing must be given effect according to its plain terms, citing section 5643, Code of 1923, which is section 4, supra, Code of 1940. It was observed that under this statute, it is not

necessary that the sum paid be a portion of a disputed demand as a consideration for an accord and satisfaction not evidenced by writing.

We do not seem to have another case where that point was directly involved. We are cited to the case of Cotton States Life Ins. Co. v. Crozier, 218 Ala. 173, 118 So. 327. The court was there dealing with a refused charge, which followed this statute, section 4, supra, in terms. We have examined the orginal record in that case. Plea 3 set up an agreement of full settlement of plaintiff's claim on a recited consideration of $7.50, which the plea alleged was fully paid. There was no demurrer to it, but a replication setting up fraud in its procurement. There was no demurrer to the replication. And the record showed no other issue was made by the pleadings relating to a settlement or release. The court charged the jury that plaintiff could not recover if she in good faith and without fraudulent procurement signed the agreement and received the consideration.

The effect of section 5643, Code of 1923, was therefore not presented to the court. The requested charge while following that statute was not proper to go to the jury on the issues as made, and as the court in substance observed in the opinion, it could have misled the jury to believe that they could find for defendant on that plea whether the settlement and release were with or without a new consideration, when the plea had alleged that there was a consideration. That opinion did not hold that the statute did not mean what it plainly provided. Our cases holding that a new consideration is necessary are those in which there was no formal written release as contemplated by that statute.

■ The agreed case is to the effect that if upon a consideration of the facts thus stated appellees have a right to intervene a judgment may be rendered accordingly; and if they have no right to intervene a judgment should likewise be rendered. The particular question was whether they have such a claim not satisfied and released as would justify an intervention as claimant in a cause pending in equity. The trial court held that their claims were not discharged by the release because of the insufficiency of a new consideration, and therefore permitted an intervention. In this conclusion we do not agree, but think that the releases were valid under section 4, Title 9, Code of 1940, then in effect,

though there was no new consideration as that term has been construed as applied to an accord and satisfaction not in writing.

■ We think that statute changed the rule to a limited extent otherwise existing respecting the necessity of a new consideration to support a release and settlement of a matured and undisputed claim.

The judgment is reversed and one here rendered denying the petition of appellees for intervention.

Reversed and rendered.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.