66 So.2d 74

## BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N v. BROWN et al.

1 Div. 512.

Supreme Court of Alabama.

June 18, 1953.

Rehearing Denied June 30, 1953.

Frank J. Tipler, Jr., Andalusia and Keener T. Blackmarr, Mobile, for appellant.

McCorvey, Turner, Rogers, Johnstone & Adams and C. A. L. Johnstone, Jr., all of Mobile, for appellees.

PER CURIAM.

This is an appeal by complainant from a decree in the circuit court in equity sustaining a demurrer to an original bill. The complainant is a national bank in California and sues as executor of the estate of Amelia Weiss, deceased. The respondents are Leo M. Brown, his wife and mother-in-law. The relief sought is primarily against Leo M. Brown and against the others secondarily.

The purpose of the bill is to bring Leo M. Brown to an accounting for funds and assets of the estate of Jacob W. Weiss, Josephine Weiss, Katie Weiss and of Amelia Weiss received during her lifetime. It is alleged that Jacob W. Weiss died in Mobile on May 5, 1913, and left an estate of approximately $210,000, which was disposed of by will, naming his three sisters, Josephine Weiss, Katie Weiss and Amelia Weiss, his principal beneficiaries. Josephine Weiss died in Mobile on August 15, 1925, leaving a will in which her principal beneficiaries were her two sisters, Katie and Amelia Weiss. The value of her estate was not given. Katie Weiss died June 20, 1932, leaving a will admitted to probate in Mobile County, in which her princi-

pal beneficiary was Amelia Weiss who died in the state of California on the 2d day of December 1950; and it is for the benefit of her estate that this suit is prosecuted. The theory being that the said Amelia Weiss succeeded to the interests of her two sisters and brother who had previously died, and she was the sole beneficiary of Katie Weiss, thereby obtaining the balance of the three estates left after administration. The two sisters and brother having left wills, presumptively there was an administration on each of their estates, and it was so alleged as to Jacob W. Weiss.

The bill alleges that Leo M. Brown, the principal respondent in this case and an attorney-at-law in Mobile, drafted the will of Jacob W. Weiss who died in 1913. It does not allege that he drafted the will of either of the three sisters.

The will of Jacob W. Weiss made two of his sisters, Josephine and Katie Weiss, executrices, and the bill alleges that Leo M. Brown represented them as their attorney and continued to represent them until they died, respectively, and continued to represent the executors and legatees of their respective estates. Leo M. Brown was not a trustee or executor named in the will of any of them, except a coexecutor of Katie Weiss. The death of the last one (Katie) before that of Amelia was in 1932. So that, from 1932 until 1950 whatever interest he managed was for Amelia while living. After her death he has had nothing to do with her estate. That as a result of his long and continued representation, he acquired and maintained the complete trust and confidence of the three sisters and brother; that he was their attorney and financial adviser and obtained authority from each of them to act at his own discretion for them as their trustee, agent and attorney in fact. It is not alleged that those appointments were in writing or, if so, the substance of their contents was not disclosed, nor the date or other data; that the said Leo M. Brown secured and enjoyed the complete trust and confidence of each of the four from 1913 until they died, respectively, and obtained checks from each of them in regard to investments, disposi-

tion of assets and acquisition of new assets. No further details are given with respect to such power. That as the fiduciary representative of said three sisters of Jacob W. Weiss, he grossly mismanaged their funds and other assets which came into his hands from their estate and the estate of Jacob W. Weiss, and he succeeded in acquiring for himself personally and for his wife and mother-in-law the entire assets of all of said estates, except a small pittance which he doled out to the residuary legatee sisters of the estate of Jacob W. Weiss during their respective lives and so mismanaged and wasted their estate and the estate of Jacob W. Weiss that the assets of the estates were depleted from a value of approximately $210,000 in 1913 to $19,000 in 1950 when said Amelia Weiss died.

No allegation is made with respect to a completion of the administrations of the estates of Jacob W. Weiss, Josephine Weiss and Katie Weiss; or whether there has been a final settlement of said estates or into whose custody the assets of each were awarded so far as here material. It is only vaguely stated as to the said Leo M. Brown receiving the assets of said estates without giving figures, dates or details. No allegation is made that those details are unknown to complainant, and are known only to the respondent Leo M. Brown, and a discovery is not sought. Wynn v. Tallapoosa County Bank, 168 Ala. 469, 484, 53 So. 228. Any such supposed defect in the bill is not insisted upon in this case as a reason why the demurrer was properly sustained.

The principal questions submitted on this appeal relate to the effect of two agreements made between Leo M. Brown and Amelia Weiss in her lifetime with respect to a settlement and discharge of said Leo M. Brown of all claim and liability which she may have had against him with respect to the management of said funds and the matters complained of in the bill.

The first of those agreements was dated the 3rd day of October, 1939, a copy of which is attached to the bill as exhibit G thereof and was executed by Leo M.

Brown, his wife and mother-in-law and Amelia Weiss. It has attached to it a statement of an account between him as her agent and her, in which it was agreed that in consideration of the payment of $18,187.03 in cash by Leo M. Brown, and the further sum of $12,500 in cash by the said Leo M. Brown, his wife and mother-in-law, that she, the said Amelia Weiss, releases them all from other and further liability on account of certain annuity contracts with them and releases the said Leo M. Brown from all claims, indebtedness or obligations to her of every kind and character, said sum being accepted in full satisfaction and settlement of said contract. With respect to that release the bill of complaint alleged that it was what purported to be a partial accounting, but not so in terms.

The bill of complaint also alleged that in July 1946 the said Leo M. Brown in an attempt to further protect himself from action, which he anticipated from the said Amelia Weiss, drafted another instrument, which is purportedly a release, wherein he acknowledged that Amelia Weiss had suffered monetary loss due to his handling of her moneys and wherein in order to obtain her signature to said purported release he again agreed to pay her an additional sum of $21,700,—a copy of said instrument being attached to and made an exhibit to the bill. That neither of said releases was approved by any court. So that, he had paid her the sum of $52,387.03, which was only a small fraction of the money and securities belonging to her.

After the demurrer to the bill as originally filed had been sustained, an amendment was filed particularly with reference to said agreements. The amendment alleged that at the time of the execution of the agreement of October 3, 1939 the relationship, as theretofore set out in the original bill, continued and was existing,— the bill having set out the existence of facts showing confidential relations existing between the said Leo M. Brown and the three sisters and brother up until that time or until they had died, respectively. That the said Leo M. Brown had not advised said Amelia Weiss of the true status

of her account with him, nor did he render to her any true or complete account nor advise her that he had converted her property to his own use; that the same relationship between Leo M. Brown and Amelia Weiss continued to exist and she continued to rely implicitly on him, and he assured her at that time and on many occasions that said agreement was purely for the purpose of his record and that it in no way affected his obligation to pay her the entire corpus of her estate. The amendment also referred to the instrument dated July 1946, above referred to, and made exhibit H, and alleged that it "was obtained by fraud in that the said Brown represented to the said Amelia Weiss that the figure was based on a complete accounting and that the accounting would be furnished to the said Amelia Weiss and that if the figure was not borne out by the accounting, the entire transaction would be void and the amount paid would only be considered as a partial payment on the amount due." It also alleges a reliance on that statement by Amelia Weiss and that further accounting had not been furnished, but that she and her attorney had repeatedly requested and demanded such accounting, but that Leo M. Brown had refused said accounting; and that after July 1946 on many occasions he advised her that he had not furnished her a complete accounting and intended to repay her the entire corpus of her estate.

Other general observations are made with respect to matters which are not material upon the question of fraud. But it is alleged further that during that time Amelia Weiss still relied upon the promises of said Leo M. Brown, with the belief that he was financially unable to do anything about it. Amelia Weiss then engaged an attorney in California to try to assist her, and Brown constantly refused to make an accounting. Thereafter Amelia Weiss died.

The agreement (exhibit H) of July 1946, attached to the bill of complaint, appears on its face to have been executed in California and recites the fact that Amelia Weiss "in executing this instrument and in arranging the transaction represented

hereby, has retained Mr. Joseph McInerney, attorney of San Francisco, California, and he has examined and is familiar with the matters and things involved in this transaction and has advised her in the premises * * *; and in executing this instrument, (she) is acting upon the advice of said attorney, Joseph McInerney, and of her own volition, with full knowledge of the facts relative thereto." And in such agreement a consideration is recited of $21,700 cash in hand paid. There is attached an elaborate statement of accounts by Leo M. Brown with the four Weiss sisters and brother. The bill does not allege that Leo M. Brown had any personal contact with Amelia Weiss at the time of the execution of said instrument. There is no claim made that there was any misrepresentation in any respect to Amelia Weiss as to the contents of the instrument and there is nothing to reflect upon the allegations of the instrument with respect to her being represented by an attorney who had become familiar with the transactions between them and that it was executed with his advice and approval.

The statement in the amended bill that Leo M. Brown represented to Amelia Weiss that he would furnish further accounting, that this was only partial and he would make full settlement to her, amounted from a legal aspect to adding an important feature to the instrument of July 1946, contrary to the rule of law in that respect.

The bill as amended is wholly insufficient to show that the confidential relations had not terminated, or how long Amelia Weiss had been in California and away from the influence of Leo M. Brown, or how he communicated with her in respect to the execution of that instrument.

It is all too vague, uncertain and indefinite upon which to predicate a claim of fraud with respect to it. That instrument is a complete accord and satisfaction and is subject to the terms of our statutes. Title 9, § 4; Title 7, § 381, Code. Grand Lodge Knights of Pythias v. Williams, 245 Ala. 220, 16 So.2d 497. The burden is of course upon complainant to set up some matter in avoidance of its effect, and fraud is the only principle upon which that contention is made. The allegations of fact set up in the bill are not sufficient to stamp it as being fraudulent.

It is also contended that any claim in favor of the estate of Amelia Weiss is barred by laches and the statute of limitations. We do not find it necessary to enter into a discussion of that question. No complaint appears to have been made by her when living in respect to the matters here set up. Rives v. Morris, 108 Ala. 527, 18 So. 743.

It is also contended that when one receives a substantial amount and in consideration of it gives a release in writing, that person does not have the privilege of rescinding the effect of that release without a restoration of the consideration received. Gilbert v. Wilson, 237 Ala. 645, 188 So. 260. There are exceptions to that principle, but it is not necessary to enter into a discussion of them. Kyser v. Southern Building and Loan Ass'n, 224 Ala. 673, 141 So. 648; American Life Ins. Co. v. Williams, 234 Ala. 469, 175 So. 554, 112 A.L.R. 1215.

The decree of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.