This is an appeal from an order of the Circuit Court of Mobile County granting summary judgment in favor of third-party defendant-appellee, Hood-Rich Architects and Consulting Engineers. This case arises from a complaint filed by Sho-Me Motor Lodges, Inc. of Alabama against Jehle-Slauson Construction Company that alleged that Jehle-Slauson breached its construction contract with Sho-Me by performing certain repairs on the Mobile Howard Johnson's Motor Inn in an unworkmanlike manner. In their answer to Sho-Me's complaint, Jehle-Slauson advanced a third-party complaint against Hood-Rich, alleging that Hood-Rich owed a duty to Jehle-Slauson to use reasonable care in inspecting the work performed and the materials used by Jehle-Slauson, and that Hood-Rich had breached that duty. Jehle-Slauson sought indemnity from Hood-Rich with respect to any adjudication of liability on its part to Sho-Me. Hood-Rich filed a motion for summary judgment on the basis of the dismissal of prior litigation and the release executed with the settlement of that litigation. The trial court granted that motion and Jehle-Slauson appeals. *Page 718 
The dispositive issue on appeal is whether the trial court acted properly in granting summary judgment in favor of the defendant, Hood-Rich. We believe that the trial court acted properly and affirm its decision.
The salient facts are as follows:
The Howard Johnson's facility, owned by Sho-Me, was damaged by Hurricane Frederic in September of 1979. Sho-Me contracted with Jehle-Slauson to make the necessary repairs on the building, and they also contracted with Hood-Rich to supervise and inspect the work performed by Jehle-Slauson. During the course of the work at the Howard Johnson's, a dispute arose between Jehle-Slauson and Sho-Me with respect to the payment due Jehle-Slauson under the contract. Jehle-Slauson filed a complaint against Sho-Me and named Hood-Rich as a defendant. Jehle-Slauson claimed that Hood-Rich had wrongfully diverted and withheld funds which were intended for the payment of Jehle-Slauson, breached certain contractual obligations to Jehle-Slauson for the approval of request of payment, and wrongfully and in bad faith exerted duress and coercion upon Jehle-Slauson, thereby causing Jehle-Slauson to agree to accept a lesser compensation for its work.
The parties settled, and the court dismissed with prejudice the contract action brought by Jehle-Slauson. In connection with the settlement, Jehle-Slauson executed a release in favor of Hood-Rich. That instrument released Hood-Rich of "all claims, demands, damages, costs, expenses, actions and causes of action, whether contract or tort, arising directly or indirectly out of or in any manner relating to work performed on Mobile Howard Johnson's subsequent to September 12, 1979, under the contract or agreement, express or implied with the parties named above and herein released."
Prior to the execution of the release, Harry W. Jehle received a letter from Michael Salmon, Sho-Me's attorney, informing him that a dry wall problem had arisen at the Howard Johnson's. A dry wall problem occurs when wet sheetrock is used in the repair of the walls, causing excessive mildew in the room. Mr. Salmon informed Mr. Jehle of the possible litigation arising from the dry wall problem and that Jehle-Slauson might be a party to that litigation. Although Jehle-Slauson had knowledge of the dry wall problem, it failed to preserve its rights concerning this litigation against Hood-Rich.
The present action arises as a result of the dry wall problem. Sho-Me claimed that Jehle-Slauson failed to perform its duties in a workmanlike manner. Jehle-Slauson, in its third-party claim against Hood-Rich, alleged that Hood-Rich failed to properly supervise and inspect the work performed by Jehle-Slauson or its sub-contractors.
Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Whatley v. Cardinal Pest Control,388 So.2d 529 (Ala. 1980); Wheeler v. First Alabama Bank ofBirmingham, 364 So.2d 1190 (Ala. 1978); Rule 56, ARCP. "If there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted." Campbell v. Alabama Power Co.,378 So.2d 718, 721 (Ala. 1979); Chiniche v. Smith,374 So.2d 872 (Ala. 1979). Once a motion for summary judgment has been made, the adverse party ordinarily should not rest on his pleadings, but should respond by setting forth specific facts which show that a material issue of fact does exist. Whatley v.Cardinal Pest Control, 388 So.2d 529 (Ala. 1980); Real CoalInc. v. Thompson Tractor Co., 379 So.2d 1249 (Ala. 1980).
On appeal from a summary judgment, this Court must look to the same factors considered by the trial court in its ruling on the motion. Chiniche v. Smith, 374 So.2d 872 (Ala. 1979);Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818
(1975). Hood-Rich was granted summary judgment on the basis of the release executed by Jehle-Slauson in the settlement of the prior contract litigation. In determining the validity of the release, we must *Page 719 
discuss the following issues raised by plaintiff on appeal: whether the release was fraudulently induced; whether parol evidence may be used to determine the intent of the parties in the execution of the release; and whether the release applies to claims that had not matured as of the date of the execution of the release.
Plaintiff, Jehle-Slauson, claims that the release is subject to rescission on the grounds that it was fraudulently induced. Jehle-Slauson has the burden of "establishing the fraud alleged by clear and satisfactory proof." Columbus Electric Power Co.v. Downs, 214 Ala. 104, 105, 106 So. 593, 594 (1925); Bank ofAmerica National Trust Savings Ass'n v. Brown, 259 Ala. 262,66 So.2d 74 (1953); Shepard Realty Company, Inc. v. Winn-Dixieof Montgomery, Inc., 418 So.2d 871 (Ala. 1982). "To establish a cause of action for fraud, the plaintiffs must prove that the defendants knowingly made a false representation of a material fact on which the plaintiffs relied and acted to their detriment." Woodard v. Woodard, 413 So.2d 1060, 1062 (Ala. 1982). "The fraud that would entitle a releasor to avoid the release must underlie the execution of the contract of release, not merely affect or infect a subject upon which the release would, if unavoided, operate to the discharge of the release."Barbour v. Poncelor, 203 Ala. 386, 389, 83 So. 130, 133 (1919). The affidavit of Mr. Harry Jehle filed by Jehle-Slauson in opposition to the motion for summary judgment stated that the plaintiff had been informed of the possibility of future litigation concerning the dry wall problem prior to the execution of the release in favor of Hood-Rich. Mr. Jehle testified in the affidavit that Mr. Salmon, Sho-Me's attorney, told him that Jehle-Slauson would be a nominal party in the litigation. Mr. Jehle knew that Jehle-Slauson would be party to this litigation, but failed to preserve Jehle-Slauson's rights against Hood-Rich in this litigation. The affidavit of Mr. Jehle fails to set forth specific facts that would provide a scintilla of evidence that the release was induced by fraud.
The plaintiff relied on Thompson v. Fourth National Bank,215 Ala. 476, 111 So. 29 (1927), in arguing that the release was fraudulently induced and subject to rescission. In Thompson, the payee bank cancelled and surrendered a promissory note evidencing the personal indebtedness of Thompson upon receipt of three bills of lading which were delivered to the bank in consideration of the bank's cancellation of the note. Litigation on the Thompson note ensued upon the bank's discovering that the bills of lading were forgeries. The bank claimed that since the cancellation of the note was fraudulently induced, the cancellation was ineffective. The bank was not required to return consideration, by surrendering the cancelled check or the forged bills of lading to Thompson, in order to pursue a cause of action for fraud. In contrast, when a contract for release has been induced by fraud, the party claiming fraud must restore the consideration he received under the contract within a reasonable time after discovering the fraud or he waives his right to assert fraud. The plaintiff may not retain the benefits of the release and at the same time attempt to evade its burdens. Barbour v. Poncelor, 203 Ala. 386,83 So. 130 (1919); Birmingham Ry. Light Power Co. v.Jordan, 170 Ala. 530, 54 So. 280 (1911). Jehle-Slauson has made no attempt to return the consideration it received in return for the issuance of the release; therefore, Jehle-Slauson may not assert a claim of fraud in the inducement of the release.
Plaintiff argues that the court may look to parol evidence to determine the intent of the parties in the execution of the release. Code 1975, § 12-21-109, states that "all receipts, releases and discharges in writing, whether of debt of record, a contract under seal or otherwise, must have effect according to the intention of the parties thereto." It is a well settled statement of law that "in absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged by the court from what *Page 720 
appears within the four corners of the instrument itself, and parol evidence is not admissible to impeach or vary its terms."Conley v. Harry J. Welchel, Co., 410 So.2d 14 (Ala. 1982);Miles v. Barrett, 223 Ala. 293, 293, 134 So. 661, 662 (1931);Steenhuis v. Holland, 217 Ala. 105, 115 So. 2 (1927); GrandLodge Knights of Pythias of North America v. Williams, 245 Ala. 220, 16 So.2d 497 (1944). Jehle-Slauson is not asking this court to void the release, but is asking the court to look beyond the written release to determine the true intent of the parties. The third-party plaintiff claims that the contract for release was not intended to cover the present litigation. Absent a clear showing of fraud, the court will not look to parol evidence to determine the intent of the parties. The release covered "all claims, demands, damages, costs, expenses, actions and causes of action, whether contract or tort, arising directly or indirectly out of or in any manner relating to the work performed on Mobile Howard Johnson's subsequent to September 12, 1979, under contract or agreement, express or implied with the parties named above and herein released." The language of the release shows a clear intent to release Hood-Rich from any liability that had arisen from the repair of the Howard Johnson's. See Johnson v. Bridges, 228 Ala. 156,258 So.2d 866 (1972).
Plaintiff asserts that the release does not apply to causes of action that had not matured as of the date of the execution of the release. In Barbour v. Poncelor, 203 Ala. 386, 393,83 So. 130, 137 (1919), this court, citing Sherburne v. Goodwin,44 N.H. 271, 276 (1862), held that
 [A] release, by its own operation, extinguishes a pre-existing right and can not be controlled or explained by parol. . . . A release, therefore, shall be held to include all demands embraced by its terms, whether particularly contemplated or not; and parol evidence is not admissible to show that a certain claim was not in the minds of the parties.
"Future damages may be released if such is the intent of the parties." W.J. Perrymore Co. v. Penn Mutual Fire InsuranceCo., 324 F.2d 791, 793 (5th Cir. 1963). If the parties had intended to limit the release to prior contract litigation, they could have specifically stated their intention in the release. Jehle-Slauson could have preserved all claims against Hood-Rich that could arise in the future. Under the doctrine of contra proferentum, all ambiguous instruments must be construed against the party who writes them. Alabama Power Co. v. CentralAlabama Electric Cooperative, 278 Ala. 220, 177 So.2d 441
(1965). Since Jehle-Slauson drafted the release releasing Hood-Rich from all liability arising from the claims that arose from the repair of the Howard Johnson's, with knowledge of the impending litigation of the dry wall problem, then it can only be assumed that the intent of the parties was to release Hood-Rich from all claims including those that had not matured at the time the release was executed.
"The construction of a written document is a function of the court. [cite omitted] If the document is unambiguous, its construction and legal effect are a question of law which may be decided, under appropriate circumstances, by summary judgment." Wheeler v. First Alabama Bank of Birmingham,364 So.2d 1190, 1194 (Ala. 1978). The trial court found that the release was valid and acted properly in granting the summary judgment in favor of Hood-Rich.
We pretermit discussion of other issues raised by plaintiff, as they become irrelevant in the light of our resolution of the release issue. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 721