Guy M. Baker, Jr., appeals from the trial court's summary judgment in favor of the defendant, Blue Circle, Inc., in his action to compel Blue Circle, Inc., to reclaim certain land.
In 1980 Guy M. Baker, Jr., and his wife, Laura K. Baker, entered into a lease with Eufaula Concrete Company, Inc. ("Eufaula Concrete"), wherein Eufaula Concrete was given the right to "mine, process and remove sand, gravel and/or field dirt" from land owned by the Bakers in Barbour County in exchange for paying royalties to the Bakers. The following nonassignment clause was also contained in the lease: "The Grantee [Eufaula Concrete] agrees not to assign or sub-let this lease, without the permission of the Grantors [the Bakers]." From 1980 through 1986 Eufaula Concrete mined the land and paid the appropriate royalties according to the lease.
However, in 1987, Eufaula Concrete conveyed all of its assets to Williams Brothers, Inc., a subsidiary of Blue Circle. A dispute then arose over the nonassignment clause in the lease, and the Bakers[1] brought the present action against Williams Brothers, Eufaula Concrete, and two officers of Eufaula Concrete, Hugh Stephenson and Kenneth D. Stephenson, alleging wrongful assignment of the contract, trespass, conversion, fraud and deceit, and wrongful use and occupation of Baker's land. Blue Circle, as the corporate successor to Williams Brothers, answered the complaint filed by Baker and was thereafter named as a defendant.[2] The court entered a summary judgment in favor of Williams Brothers. Subsequently, the trial court also entered a summary judgment in favor of Blue Circle as to all of Baker's claims against it.
Following the entry of summary judgment in favor of Blue Circle, Baker and Blue Circle executed a release in which Baker waived his right to appeal the summary judgment in favor of Blue Circle, and Blue Circle waived its right to proceed for court costs or attorney fees against Baker. The release specifically provided that "the parties hereto do expressly warrant and agree that this written agreement is in lieu of either party proceeding with litigation on their respective claims . . . and the parties intend merely by this agreement to avoid further litigation and expense arising out of the above styled action."
The case was tried before a jury against Eufaula Concrete and the Stephensons. At the close of Baker's evidence, the trial court directed a verdict in favor of all three defendants. Baker appealed from the judgment based on the directed verdict, and this Court, in Baker v. Eufaula Concrete Co.,557 So.2d 1228 (Ala. 1990), reversed and remanded for a trial on all of the issues. *Page 870 
After remand, but before trial, Baker amended his complaint by adding a claim against Blue Circle, Eufaula Concrete, and the Stephensons alleging a failure to comply with a provision in the lease that required the reclamation of the land. Blue Circle filed a motion for summary judgment based on the release executed between it and Baker. The trial court granted Blue Circle's motion and entered a summary judgment, making it final pursuant to Rule 54(b), Ala.R.Civ.P. It is from that final judgment that Baker now appeals.
The threshold question of whether the release is ambiguous is a question of law to be decided by the court. Alabama Power Co.v. Blount Bros. Corp., 445 So.2d 250 (Ala. 1983); Jehle-SlausonConst. Co. v. Hood-Rich Architects Consulting Engineers,435 So.2d 716 (Ala. 1983). If the release is unambiguous, its construction and legal effect is a question of law, which, under appropriate circumstances, may be decided on a motion for summary judgment. Jehle-Slauson Const., supra. In determining whether a release is ambiguous, the court must give the written words their plain and ordinary meaning. Alabama Power Co.,supra.
We see no ambiguity in the release executed by Blue Circle and Baker. Thus, parol evidence is inadmissible to impeach the terms of the release, and the release will be given effect according to the intention of the parties, as adjudged by the court from what appears on the face of the document.Johnson v. Asphalt Hot Mix, 565 So.2d 219 (Ala. 1990); CarnivalCruise Lines, Inc. v. Goodin, 535 So.2d 98 (Ala. 1988).
The plain and ordinary meaning of the words quoted above from the subject release is to relieve Baker and Blue Circle from further litigation arising out of the action brought by Baker. The complaint in that action was styled "Petition for Declaratory Judgment, Complaint for Damages, Accounting, and Other Relief." Because that action sought "other relief," including "an order declaring the respective legal positions of the parties in regard to the lease," we reject Baker's contention that the release was not intended to release Blue Circle from any future claim arising from the requirement in the lease that the land be reclaimed. "If the parties had intended to limit the release to prior contract litigation, they could have specifically stated their intention in the release." Jehle-Slauson Const., supra, at 720. Having not so limited the release, Baker cannot now assert a restriction on the scope of the release that is not found within the four corners of that document. Johnson, supra.
Based on the foregoing, the summary judgment entered by the trial court in favor of Blue Circle is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] Mrs. Baker later transferred her rights and interest in the subject land to Mr. Baker and was dismissed as a party to this action.
[2] On July 1, 1987, Williams Brothers, Inc., merged with its parent corporation, Blue Circle, Inc. As a result of that merger, Blue Circle, Inc., owned 100% of the issued and outstanding stock of Williams Brothers, Inc.