KENNEDY, Justice.
The plaintiff, Jerrid Lee Brown, appeals from a summary judgment in favor of the defendants, Holderfield’s Lifestyle Furniture, Inc., and Continental' Casualty Insurance Company, Inc. (“CNA”).
On June 6, 1986, Brown injured his back in a motor vehicle accident while he was delivering furniture for his employer, Hold-erfield’s Lifestyle Furniture. Brown sued Holderfield’s and CNA for workmen’s compensation benefits and medical benefits. The action was settled by agreement of the parties. Pursuant to the agreement, the trial court ordered that Brown receive a lump sum settlement of $20,000 in workmen’s compensation benefits, because Brown was permanently partially disabled, and that Brown also receive medical benefits as set out in § 25-5-77, Ala.Code 1975, according to the settlement agreement.
On May 17, 1988, Brown sued Holder-field’s and CNA, alleging that he had incurred certain medical expenses that should have been paid according to § 25-5-77 and that those expenses had not been paid. The parties settled Brown’s suit on April 7, 1989.
On June 23, 1991, Brown again sued Holderfield’s and CNA, claiming outrage and fraud, based on an amended agreement between the parties dated January 29, 1990.
The January 29, 1990, agreement states in pertinent part:
“On May 28, 1987, this Honorable Court entered Findings of fact and Judgment against defendant for the sum of Twenty Thousand and No/100 ($20,000) *352 Dollars for plaintiffs employment-related injuries and ordered the Defendant to pay any future medical expenses according to the statute [§ 25-5-77].
“Plaintiff, Jerrid Lee Brown, agrees to waive and compromise his rights to any future medical benefits from this date forward upon payment from defendant of the sum of Seventeen Thousand Five Hundred and No/100 ($17,500) Dollars in full release of any and all payment for future medical expenses.
“Plaintiff further agrees to forever release defendant, its insurance carrier and any agent of defendant or the carrier from any cause of action plaintiff has, or should have as a result of this employment-related injury including specifically any cause of action for payment of any benefits to which plaintiff could contend he was entitled under the workmen’s compensation laws.
“It is agreed that this suit and the determination thereof may be submitted to, decided and adjudicated by the Circuit Court of Madison County, Alabama.”
(C.R. 59-60.)
Brown claimed that Holderfield’s and CNA coerced him into settling his future medical benefits and thereby committed fraud and the tort of outrage. However, Brown did not want the January 29, 1990, amended settlement agreement set aside. Brown contended that he understood the agreement to be a waiver of future medical benefits, but contended that in the agreement he did not waive his right to pursue other claims against Holderfield’s and CNA. Holderfield’s and CNA claimed that the general release in the January 29, 1990, agreement itself barred Brown from recovery for fraud and the tort of outrage. The trial court entered a summary judgment in favor of Holderfield’s and CNA.
A summary judgment is appropriate when the moving party shows “that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the non-moving party must rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Ala.Code 1075, § 12-21-12; Hope v. Brannan, 557 So.2d 1208 (Ala.1989).
“The threshold question of whether the release is ambiguous is a question of law to be decided by the court. Alabama Power Co. v. Blount Bros. Corp., 445 So.2d 250 (Ala.1983); Jehle-Slauson Const. Co. v. Hood-Rich Architects & Consulting Engineers, 435 So.2d 716 (Ala.1983). If the release is unambiguous, its construction and legal effect [are questions] of law, which under appropriate circumstances, may be decided on a motion for summary judgment. Jehle-Slauson Const., supra. In determining whether a release is unambiguous, the court must give the written words their plain and ordinary meaning. Alabama Power Co., supra.”
Baker v. Blue Circle, Inc., 585 So.2d 868, 870 (Ala.1991).
In this case, the January 29, 1990, agreement unambiguously stated that Brown agreed to release Holderfield’s and CNA from any cause of action resulting from his employment-related injury. The fraud and outrage claims arose out of the settlement agreement relating to future medical expense claims arising from a work-related injury, for which claims Brown was awarded $17,500. The language of the release was unambiguous and was sufficient to release Holderfield’s and CNA from Brown’s claim.
Accordingly, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.