(118 So. 665)

**WALMORE INV. CO. OF DELAWARE v. FARRIOR–JACKSON REALTY CO.**

(6 Div. 175.)

Supreme Court of Alabama. Oct. 11, 1928.

Rehearing Denied Nov. 30, 1928.

Chas. E. Rice, Lucien D. Gardner, Jr., and Clarence Meadows, all of Birmingham, for appellant.

London, Yancey & Brower, and Whit Windham, all of Birmingham, for appellee.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

BROWN, J. ▮ This action is by a real estate broker or agent against the property owner for services rendered in attempting a sale of its property, and the complaint consists of the common counts. The trial was by the court, without a jury, and the evidence, given ore tenus, is in conflict as to whether the plaintiff was engaged by the defendant to find a purchaser for the property, and on this issue the conclusion of the trial court under the well-settled rule will not be disturbed.

The evidence is without dispute that the defendant, appellant here, complied with the provisions of the contract, requiring it to furnish an abstract showing a merchantable title and stood ready and willing to consummate the sale, which failed of consummation because of the default of Johnson, the proposed purchaser, after he had made a deposit of $500 as earnest money.

▮▮ Under these circumstances the plaintiff was clearly not entitled to recover commission based on the stated price of the property, on the theory that it had found a purchaser who was ready, willing, and able to purchase. This principle applies only when the sale is consummated to the purchaser so found, or fails of consummation through the default of the seller.

▮ The contract which the plaintiff took from Johnson, approved by the defendant, provides that, "in case of forfeiture (by the purchaser of course), said earnest money belongs to the seller and agents in equal amounts." The evidence shows without dispute that the $500 earnest money deposited by Johnson with the plaintiff under the contract was paid over to the defendant by the plaintiff, on its demand, on October 27, 1926; that this earnest money was forfeited to the plaintiff and defendant in equal parts by Johnson's failure to consummate the purchase on December 20, 1926. The plaintiff is therefore entitled to recover of the defendant $250, with interest from December 20, 1926, to the date of the judgment of this court. The judgment of the circuit court is here corrected, and, as corrected, will be affirmed.

Corrected and affirmed.