179 So. 633

**MITCHELL et al. v. WALKER.**

7 Div. 489.

Supreme Court of Alabama.

March 10, 1938.

Isbell & Beck and C. A. Wolfes, all of Fort Payne, for appellants.

Scott & Dawson, of Fort Payne, for appellee.

FOSTER, Justice.

This is a bill in equity filed by appellee against appellants, Mitchell and Rogers, and seeks the specific performance of a contract which he made with Rogers on January 2, 1935, by which he was to have a conveyance from Rogers of one hundred acres of land described, on the terms stated.

The bill alleges that Rogers had contracted with the Federal Land Bank for the rent with an option to purchase two hundred acres, by which he was to pay an annual stipulated sum for three years (which aggregated 20 per cent. of the purchase price) as rent; and when paid, the bank agreed to execute a deed to him, and receive a mortgage for the balance of the purchase price.

Walker agreed to make a cash payment of $300. This he made in an acceptable way. He was also to pay on November 1, 1935, and on November 1, 1936, stipulated sums, respectively. Those were the dates when Rogers was due to make payments to the bank. Rogers agreed to make a deed when he received one from the bank. There was in the contract with Walker no clause providing for a forfeiture for nonpayment, nor making time of its essence. Walker paid the $300 during the first of 1935, and when the installment due November 1, 1935, matured, Walker and Rogers each paid $100 to the bank. That was not all that Walker was due Rogers on that day, nor all that Rogers was due the bank on that day. That made a total sum of $400 paid by Walker. He alleges that he was then at the time of filing the bill ready, willing, and able to make the payments, but that Rogers secured a sum of money from Mitchell which he paid to the bank and procured a deed from the bank (and executed a deed to Mitchell conveying the two hundred acres, including that embraced in Walker's contract), and that Mitchell had notice of Walker's contract. He also offers to do equity. Rogers and Mitchell answered the bill, and incorporated a demurrer in it.

After the testimony was taken a final decree was entered in which also the demurrers were overruled, and relief was granted to Walker against Mitchell and Rogers specifically performing the contract. They appeal and assign as errors the ruling on demurrer and decree granting relief.

The demurrer raises the point argued here that the bill does not allege a tender of the amount due by Walker before filing the bill.

■ The general rule is that a tender before filing the bill is not necessary as a condition precedent to such relief, and that it is not subject to demurrer in that respect if it alleges a present ability and willingness to pay, and offers to submit to the jurisdiction of the court. Ashurst v. Peck, 101 Ala. 499, 14 So. 541; Zirkle v. Ball, 171 Ala. 568, 54 So. 1000; Cudd v. Wood, 205 Ala. 682 (11), 89 So. 52. Especially is this so when the vendor has sold the land to another as here. Rice v. Rice, 199 Ala. 672, 75 So. 21; Coley v. English, 209 Ala. 688, 96 So. 909.

There may be a different rule when time is of the essence of the contract, and a tender at the time stipulated is necessary to prevent a forfeiture. Pearce v. Third Ave. Imp. Co., 221 Ala. 209, 128 So. 396; Davis v. Folmar, 203 Ala. 336, 83 So. 60; Nelson Sanders, 123 Ala. 615, 26 So. 518; Penney v. Burns, 226 Ala. 273, 146 So. 611.

The bill seems to meet the requirements of the cases which we have cited.

Appellant also contends that the court cannot command a specific performance, when the right is dependent upon the consent of a third person not shown to have consented. Burgin v. Sugg, 204 Ala. 270, 85 So. 533.

■ Our answer to that is that although the contract between the bank and Rogers was that the latter should not sublet any portion of the land without the consent of the bank, the failure to do so was a matter on which the bank only could insist; and it is not making such claim so far as the pleadings show. Another is that the lease which contained that stipulation had been superseded by a deed to Rogers, not shown to contain any such requirement. It cannot, therefore, be a hindrance in the enforcement of a contract between Walker and Rogers.

The chief defense relied on is the claim that, on November 1, 1935, when Walker was due to make a payment, and when Rogers was due one to the bank, and when they each paid only $100, Walker was not ready, able, and willing to pay the balance he owed, either then or thereafter; and that when Rogers was later notified that unless he made his payment by January 28, 1936, he would forfeit his rights under the contract, he notified Walker that such was the situation; and that Walker told him that he did not intend to pay more, but that Rogers could borrow from some one else the money necessary to pay the bank. Rogers thereupon procured the money from Mitchell, and made him a deed conveying all the land, and he received one from the bank.

It is claimed that Walker cannot assert his right to specific performance, both because he effectually abandoned his contract, and because, Rogers having acted on Walker's statement, he is estopped to take a different position, and that Mitchell is the beneficiary of the right of estoppel, though it is not claimed that Walker so advised Mitchell.

■■ Taking the circumstances all together, it seems reasonably certain, and not denied, that Walker had notice of the importance to Rogers of meeting his payment to the land bank and that it must be met by January 28, 1936, or that the contract would be forfeited. The contract between Walker and Rogers, as we have said, has no stipulation making time an essence in its performance. Unless so stipulated, the general rule is that it is not of the essence in an executory contract for the sale of land. But when a purchaser knows of the importance to the seller of making prompt payment, and that a default will result in serious loss to him, as when he is told that unless it is made by a certain time the seller cannot carry out his contract of purchase, necessary to enable him to sell as agreed, and makes default under such circumstances, so that his seller must sell to another to enable him to carry out his contract, time is thus made of the essence, and a default without sufficient excuse justifies the seller to rescind and sell to another when it is necessary to do so, in order to save the land from forfeiture by him under a contract in which time is of the essence, and whose terms are known to him to that extent. A full discussion of that subject is made in 66 Corpus Juris 751 to 755.

■ Also the acts and conduct of a purchaser may be an abandonment of a contract of purchase, irrespective of an element of time as a quality essential to its performance. This is shown when he positively and absolutely refuses to perform the conditions of the contract, and shows an intention to abandon it, and the seller acts upon it as an abandonment. 66 Corpus Juris 732.

The evidence is in direct conflict on that question.

The material issues in dispute at this point are whether Walker was able and willing to perform, and if he was not, whether he so notified Rogers. It is not disputed but that he knew the necessity of making his payment by January 28, 1936, and that if he did not Rogers could not comply with the requirements of the land bank, so as to save the land, unless he procured the money from another on the security of the land; that he did not make the payment; and that Rogers procured the money from Mitchell, by deed of the land.

· Walker testified that he had made arrangements with a local bank to borrow the money. On January 27, 1936, he did get a note and mortgage prepared at the bank for $200, on which a surety was required. It was returned to the bank with a surety on February 6, 1936, after the time had expired, and the transaction with Mitchell closed. The amount was placed to his credit, and he used it in paying a debt of $60 to his surety, and for other purposes. On January 28th, he had only a nominal amount in the bank. He shows no other ability to pay on that day. And between those dates there is much evidence of his declarations that he had abandoned his contract, and agreed to rent the land from Mitchell. All this he denied.

■ But the evidence reasonably satisfies us that knowing that time was of the essence he was unable to meet his payment as required, and knowing that he could not do so, informed Rogers to that effect, who then acted upon the idea of an abandonment and sold and conveyed the land to Mitchell who paid the amount then in arrears, and also that due November 1st, thereafter, thereby performing the terms of Rogers' contract to entitle him to a deed from the land bank which was executed.

■ This conclusion is not in accord with that of the trial court. But the evidence was not taken in the presence of the trial judge in open court so as to give his finding the effect of a verdict. But the law requires us, under such circumstances, to decide the questions of fact without any presumption based upon the decision of the trial court. Section 10276 (1), Code; Armstrong v. Armstrong, 217 Ala. 581, 117 So. 195; Mink v. Whitfield, 218 Ala. 334, 118 So. 559.

The decree of the circuit court is reversed, and one is here rendered denying relief to appellee and dismissing his cause.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.