151 So.2d 397

**TAYLOR REAL ESTATE & INS. CO.**

v.

**Johney C. GREENE.**

6 Div. 637, 638.

Supreme Court of Alabama.

Feb. 21, 1963.

Rehearing Denied April 4, 1963.

J. Terry Huffstutler, Birmingham, for appellant.

James, Beavers & Tingle, Birmingham, for appellee.

PER CURIAM.

These appeals arise out of two cases consolidated for trial in the Circuit Court of Jefferson County wherein the appellant, Taylor Real Estate & Insurance Company, a partnership, sought to recover of appellee Greene the sum of $1,325.00 commission for negotiating a sale of some real estate for appellee, and Greene sought to recover of appellant the sum of $500.00 representing earnest money that a proposed purchaser had deposited with appellant. For convenient reference, we will refer to appellant as Taylor (in the singular) and to appellee as Greene.

Greene instituted his suit in the Jefferson County Civil Court to recover the earnest money. Defendant then filed a plea of recoupment to recover his commission, voluntarily reducing the amount to $1,000.00 so as to bring it within the jurisdiction of the court. The court gave plaintiff Greene a judgment for $255.00 and denied Taylor's plea of recoupment. Taylor appealed to the circuit court from the judgment in the civil court.

The promotional efforts of Taylor, a real estate broker, acting through his agent, resulted in Greene, the seller and Taylor's principal, and one George H. Phelps and his wife as purchasers, signing a written agreement, introduced into evidence, whereby for a recited consideration of $26,500.00, part to be paid in cash and the balance by conveyance of some real estate belonging to the purchasers, Greene was to convey to Phelps certain real estate, by a "survivorship" warranty deed, that he owned. The purchasers, without any inducement or fault on the part of Greene, who was at all times ready and willing to perform, defaulted and refused to consummate the executory agreement.

In the contract executed by Greene, the seller, and Phelps and his wife, were two provisions, which we mark (a) and (b) for convenient reference as follows:

(a) "The undersigned owners agree to pay TAYLOR REAL ESTATE & INSURANCE CO., as their agents, as compensation for negotiating this sale, the sales commission provided under the schedule of commissions adopted by the Birmingham Real Estate Board and now in force."

(b) "In the event the Purchaser fails to carry out and perform the terms of this agreement the earnest money, as shown herein shall be forfeited as liquidated damages at the option of the Seller, provided that the Seller agrees to the cancellation of this contract, and said earnest money so forfeited shall be divided equally between the Seller and the Agent."

The contention of Taylor is that he is due sales commission under the first aforequoted provision (a). Greene denies that he is due Taylor any commission and contends that he is entitled under provision (b) to the $500.00 deposited by Phelps with Taylor as earnest money.

On the trial in the circuit court the trial judge in Taylor's suit gave an affirmative charge with hypothesis in favor of Greene; and in Greene's suit the court gave a like charge in favor of Greene and against Taylor for $250.00 plus interest. The jury returned verdicts that were responsive to these charges. Taylor brings his appeals here and complains that the trial judge erred to reverse in giving both charges.

We held in the case of Walmore Inv. Co. of Delaware v. Farrior-Jackson Realty Co., 218 Ala. 447, 118 So. 665, where the real estate broker attempted sale of defendant's property in accordance with an agreement, but consummation failed because of

the purchaser's default, that plaintiff was clearly not entitled to recover commission named in the contract, the theory of recovery being that plaintiff had found a purchaser who was able, ready and willing to purchase. This principle applies, so we held, only "when the sale is consummated to the purchaser so found, or fails of consummation through the default of the seller."

We further held in that case as follows:

. "The contract which the plaintiff took from Johnson, approved by the defendant, provides that, 'in case of forfeiture (by the purchaser of course), said earnest money belongs to the seller and agents in equal amounts.' The evidence shows without dispute that the $500 earnest money deposited by Johnson with the plaintiff under the contract was paid over to the defendant by the plaintiff, on its demand, on October 27, 1926; that this earnest money was forfeited to the plaintiff and defendant in equal parts by Johnson's failure to consummate the purchase on December 20, 1926. The plaintiff is therefore entitled to recover of the defendant $250, with interest from December 20, 1926, to the date of the judgment of this court. * * *" (218 Ala. at page 448, 118 So. at page 666)

■ We are of the opinion in the cases here on appeal that under the contract executed by Greene and Phelps, plaintiff would be entitled to his commission only if the sale had been consummated or through fault of the seller was not consummated.

■ We are further of the opinion that the $500.00 earnest money, the purchaser having defaulted, without fault of Greene, should be divided equally between plaintiff and defendant plus interest on Greene's share.

The failure of the contract to be free of obscurity and ambiguity, and to provide clearly for payment of the commission to Taylor on his production of a purchaser, able, ready and willing to buy, payment to be made irrespective of a consummation of the executory agreement, was the responsibility of plaintiff. It was he who presented the printed form for use of the parties. We said in King v. Capitol Amusement Co., 222 Ala. 115, 116, 130 So. 799, as follows:

"It is a well-settled principle that the intention of the parties, which courts seek to discover in construing a contract, is to be gathered, not from particular words and phrases, but from the whole context of the agreement. And where the contract is partly written and partly oral, the written and oral parts must be construed together. (Citations Omitted.) And in case of doubt as to the purport and meaning of the writing, the doubt will be resolved against the party who drew it. (Citations Omitted.)"

It is true that plaintiff did not sign the contract along with the purchasers and seller, but the afore-quoted provisions (a) and (b) were a part of the contract form which plaintiff presented and were there for his benefit and available to him in a suit for violation. Tennessee Coal, Iron & R. Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459 [7]. So far as the liability vel non of Greene to plaintiff is concerned, the latter is chargeable with the authorship of the contract and its deficiency and ambiguity in failing to provide definite liability for payment of the commission on production of a purchaser, without more, able, ready and willing to buy.

Both judgments are due to be affirmed, and it is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.