206 So.2d 867

Grace **BLAXTON, Admrx.** et al.

v.

**J. L. TODD AUCTION CO.** et al.

7 Div. 674.

Supreme Court of Alabama.

Feb. 8, 1968.

Jack Martin Bains, Oneonta, Frank B. Embry and John S. Thornton, Pell City, for appellants.

H. E. Holladay, Pell City, for appellees.

LIVINGSTON, Chief Justice.

Appellants filed a bill of complaint seeking to rescind a contract they had entered into with appellees for the purchase of property owned by appellees. The three main questions to be decided by the trial judge in determining whether the contract should or should not be rescinded were: (1) the size of the two lakes on the property in question, (2) the reservation of fishing

rights to the lakes, and (3) whether the appellees had good and marketable title to the property.

The trial judge rendered his first decree on July 16, 1964, and upon application from both complainants and respondents, he reopened the cause and rendered a supplemental decree on November 24, 1964, which decree incorporated by reference the decree of July 16, 1964.

■ We take note of the fact that in neither of the above-mentioned decrees does the trial judge adjudicate the question of whether the title to the property is good and marketable. The question of title was one of the most important issues to be tried. If the appellees could not furnish good and marketable title, as called for in the purchase agreement, the appellants were entitled to rescind the contract and recover any earnest money deposited. Good and marketable title requires that it be free from encumbrances. Whitfield v. McClendon, 251 Ala. 591, 38 So.2d 856; Johnson v. Malone, 252 Ala. 609, 42 So.2d 505. Although the trial judge in the finding of facts in the decrees makes several remarks about the title, he does not adjudicate the issue referred to and, therefore, neither decree constitutes a final decree as to the question of title.

We have also noted that in the second decree the judge orders and decrees that if the complainants (appellants) do not follow the directions of the decree, the respondents (appellees) "shall be and are allowed to reopen the case within 30 days from this date, on the sole question as to what amount, if any, that they are entitled as an equitable judgment for the breach of the contract."

■ While the decree determined the issues involved, with the exception of the title to the property, it did not entirely dispose of the cause, leaving nothing further for the court to do, and therefore was not in this aspect a final decree. A final decree puts an end to all controversies litigated or which ought to have been litigated within the power and duty of the parties in respect

to the particular controversy. Newton v. Ware, 271 Ala. 444, 124 So.2d 664; Vacalis v. Lowry, 279 Ala. 264, 184 So.2d 345. Allowing the appellees to reopen the cause and prove damages for breach of contract is not a mere ministerial duty whereby the decree is effected, but it provides for proceedings which do not relate to the decree rendered. Where the cause remains in fieri in any material aspect, as in the instant case, the decree must be reversed and remanded.

Reversed and remanded.

SIMPSON, MERRILL and HARWOOD, JJ., concur.