Clyde Robinson, a realty agent employed by the appellants, Richard and Anita Brown, was awarded judgment for a sales commission of $14,805 and $1,697.76 interest after the Browns refused to convey land under a contract for sale. Motion for new trial was overruled. We affirm.
On December 9, 1974, the Browns contracted to sell 470 acres of land to Weyerhaeuser Company for $148,050, $50,000 to be paid at closing, $50,000 to be paid on January 10, 1975, and the balance to be paid on January 10, 1976. The contract provided that "[t]he grantors further agree to pay to Royal Realty Co. as agent, a sales commission of 10% of the total purchase price."
The contract called for a merchantable title to be conveyed and further provided:
 "(6) The Grantors agree to furnish to the Grantee at their expense, within a reasonable time after the date of this contract, either a title insurance binder issued by Alabama Title Insurance Company, or an abstract of title of the above described property covering a period of at least fifty (50) years, and certified as nearly as possible to the date of delivery thereof to the Grantee. The Grantee shall have a reasonable time after delivery of such instruments in which to examine said binder or abstract and to determine whether in its opinion, title is merchantable. . . . If title to said property is not merchantable, then Grantors shall have a period of ninety (90) days after receipt of notice of defects in which to remedy the same at the Grantor's expense. If such defects are not remedied within said time, the Grantee may, at its option (1) proceed to remedy said defects and deduct all expenses thereof from the purchase price, or (2) exclude the tract not having a merchantable title from the sale contemplated, or (3) refuse to complete the sale."
The property was encumbered with an outstanding mortgage and judgment lien, and the parties stipulated that the purchaser had knowledge of these defects on January 15, 1975. The purchaser's local attorney negotiated a delay in foreclosure proceedings, and after a proposed release of the encumbrances, full payment was tendered on March 27. The Browns refused to convey the property.
The issues for review are:
(1) Whether Robinson was entitled to sue on the contract for sale.
(2) Whether the purchaser was responsible for the failure to close because of (a) their failure to give notice of the defects in title or (b) their late tender of payment.
(3) Whether an award of interest on the sales commission due from March 27, 1975, was proper.
 I
Neither in the pleadings, at trial, nor on motion for new trial did the Browns specifically raise the issue of whether Robinson is an incidental beneficiary of the contract for sale with no standing to sue under the contract. An issue not raised in the trial court cannot be raised for the first time on appeal. McDuffie v. Hooper, 294 Ala. 293, 315 So.2d 573 (1975).
 II
An agent is entitled to his or her commission if the sale was consummated or through the fault of the seller was not consummated. Taylor Real Estate Ins. Co. v. Greene, 274 Ala. 694, 151 So.2d 397 (1963); Walmore Investment Co. of Delawarev. Farrior-Jackson Realty Co., 218 Ala. 447, 118 So. 665
(1928). The Browns contend that they were not the cause of the failure of the contract for sale to be consummated, and, therefore, not liable for the sales commission. Rather, they insist, the purchaser breached the contract by failing to give notice of defects in title and by not tendering the purchase price in accordance with the contract. We disagree.
The provision of ¶ 6 of the contract giving the sellers 90 days after notice of defects to cure the defects is clearly intended for the benefit of the purchaser. As such, this notice provision may be waived *Page 274 
by the purchaser. LaGrave v. Jones, 336 So.2d 1330 (Ala.Sup.Ct. 1976).
An outstanding mortgage and judgment lien are clearly "defects" in title that justify a delay in tendering payment under the contract. See e.g., Blaxton v. J.L. Todd AuctionCo., 281 Ala. 621, 206 So.2d 867 (1968); Smith v. Blinn,221 Ala. 24, 127 So. 155 (1929).
Nor can we say that time was of the essence in this contract so that the purchaser's delay in tendering payment was unjustified. In Mitchell v. Walker, 235 Ala. 458, 179 So. 633
(1938), this court noted that even in the absence of an express provision that time is of the essence,
 ". . . when a purchaser knows of the importance to the seller of making prompt payment, and that a default will result in serious loss to him, as when he is told that unless it is made by a certain time the seller cannot carry out his contract of purchase, necessary to enable him to sell as agreed, and makes default under such circumstances, so that his seller must sell to another to enable him to carry out his contract, time is thus made of the essence, and a default without sufficient excuse justifies the seller to rescind and sell to another when it is necessary to do so, in order to save the land from forfeiture by him under a contract in which time is of the essence, and whose terms are known to him to that extent."
However, we find the rule of Mitchell inapposite for several reasons. Although the trial court made no explicit findings of fact, the trial judge heard the evidence from which he could have concluded that the purchaser had no knowledge of the Browns' precarious financial position until after the closing date. The reviewing court will assume that the trial court made those findings which the evidence supports and will justify the decree rendered. Orton v. Gay, 285 Ala. 270, 231 So.2d 305
(1970). Where the trial court makes a decree after hearing witnesses ore tenus, every presumption will be indulged in favor of the trial court and its finding will not be disturbed unless palpably wrong. Shivers v. Shivers, 277 Ala. 400,171 So.2d 109 (1965).
In addition, not only did the contract fail to state that time is of the essence, but it made provision for (1) a reasonable time after the date of the contract for the Browns to supply the purchaser with a title insurance binder or an abstract of title (which was not issued until January 31); (2) a reasonable time after delivery of the title insurance or abstract for the purchaser to examine the instrument ". . . and to determine whether in its opinion title is merchantable;" and (3) in the event of nonmerchantable title, 90 days is allowed after receipt of notice of defects for the Browns to cure the defects. Finally the seller testified that he defaulted because at the time the purchase money was tendered, he was no longer in the financial bind which induced him to attempt to sell the property.
In view of the defects in title, the purchaser's delay in tendering the purchase price was justified under the contract. Therefore, the Browns are liable to Robinson for the sales commission, since they, rather than the purchaser, were responsible for the non-performance of the contract. TaylorReal Estate Ins. Co.; Walmore Investment Co. of Delaware.
 III
The trial court's award of interest on the amount of the sales commission running from March 27, the date of the Browns' default on the contract, was proper under T. 9, § 62, Code of Ala. 1940. Alabama Terminix Co. v. Howell, 276 Ala. 59,158 So.2d 915 (1963).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., BLOODWORTH, ALMON, and EMBRY, JJ., concur. *Page 275